## MILNER v. COOPER & CO. ET AL.

1. **Landlord's Lien:** ON STOCK OF GOODS OF FIRM DISSOLVED BY DEATH: REMEDY: RESTRAINT OF SALE BY SURVIVING PARTNER. Where a mercantile firm was occupying for its business a leased store-room, and the firm was dissolved by the death of one of the partners, the landlord had a lien on the stock of goods for the rent which would accrue under the lease; but the surviving partner had also the right to close out the business in such manner as he might deem for the best interest of all concerned,—that is, the creditors of the firm, the representatives of the deceased partner, and himself; and the landlord was not in such case entitled to an injunction compelling the surviving partner to hold the goods till the expiration of the term of the lease, or to sell them only in the ordinary course of trade, especially where the surviving partner himself was a man of ample means. The law provides a more appropriate remedy, if any is needed, in such a case.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, DECEMBER 4.

THIS is an appeal from an order vacating a temporary injunction.

*Fremont Benjamin*, for appellant.

*Wright & Baldwin*, for appellees.

REED, J.—Plaintiff alleges in his petition that he leased to defendants, G. W. Cooper & Co., a store building, in the town of Oakland, at the monthly rent of forty dollars, to be paid monthly in advance; that defendants occupied said premises under the lease, and moved a stock of general merchandise into the building, and carried on there the business of a general store; that one member of the firm died, and that defendant, Stewart, was appointed administrator of his estate, and that he and defendant, Elwell, who was a member of the firm, entered into a contract with defendant, Crittenden, for the sale to him of said stock of goods, the object being to remove the goods from said premises, and thereby

defeat plaintiff's lien thereon for the rent of the premises yet to accrue under the lien, and by that means cheat and defraud him out of said rent; that the lease ran for three years, and the rent to accrue thereon in the future would amount to $1,440; and the prayer of the petition is that defendants be enjoined from in any manner disposing of any of said property, or removing the same from the premises. On the filing of the petition, a temporary injunction was issued on the order of the judge of the circuit court, restraining defendants from disposing of the goods, except in the ordinary course of their business as retail merchants.

Defendant filed an answer; also a motion to vacate the temporary injunction. On the hearing of this motion, it was shown that the firm of G. W. Cooper & Co. was composed of A. J. Crittenden and G. W. Cooper. Cooper died some time before the suit was instituted, and defendant, Stewart, had been appointed administrator of his estate. During his life-time, Cooper had been in charge of the business of the firm; but, at his death, Crittenden had taken charge of it for the purpose of closing out the affairs of the firm, and, at the time of the commencement of this proceeding, he was negotiating with a third party for the sale of the stock of merchandise. The value of the stock was more than the amount of the rents which would accrue under the lease, and Crittenden is shown to be a man of large means. On this showing, the circuit court vacated the temporary injunction. We think this was right. By the death of Cooper, the partnership of which he was a member was dissolved, and the duty of winding up its affairs was devolved on Crittenden, the surviving partner. That plaintiff had a lien on the stock of merchandise in the leased building for the security of the rent which would accrue under the lease is certainly true. See *Garner v. Cutting*, 32 Iowa, 547; *Martin v. Stearns*, 52 Id., 345. But it does not necessarily follow that he has the right to have the goods held until the end of the term of the lease, or sold only in the ordinary course of the retail trade.

A court of equity has jurisdiction, doubtless, to make such order with reference to their disposition as will protect plaintiff's rights, and, at the same time, do no absolute injustice to other parties in interest. If the surviving partner were bankrupt or incompetent, plaintiff would probably be entitled to have a receiver appointed, under Code, § 2903, to take charge of the property and apply the proceeds in satisfaction of his claim, and, if an injunction restraining the sale of the goods was necessary for the protection of his interest, it is not doubted that he would be entitled to that remedy.

A surviving partner, in winding up the affairs of the firm, acts as trustee for the creditors, the representatives of the deceased partner, and himself. Pars. Partn., 441. The assets of the firm constitute in his hands a trust fund for the benefit of the creditors and other parties in interest, and a court of equity will compel the application of this fund for the benefit of the *cestui que trust*. It also has power to remove the trustee and appoint an officer of its own to manage the estate and apply the fund, if the interest of those concerned demands that this be done. By virtue of his landlord's lien, plaintiff will have a prior claim on this trust fund in the hands of Crittenden. As the rent falls due, he will have the right to demand that it be paid out of the fund. If for any reason it should appear that the fund is insecure in the hands of the trustee, he will have the right to demand that a sufficient amount of it be paid into court, or to an officer appointed by the court, to satisfy his claim as it accrues. But, upon the present showing, it does not appear that any order is necessary for his protection; and to compel the surviving partner to hold the goods until the expiration of the term of the lease, or to sell them only in the ordinary course of trade, might work great injustice to other creditors, or the representatives of Cooper, and would be of no benefit to plaintiff. The order vacating the temporary injunction is therefore

AFFIRMED.