WM. CARSON, *et al.*, Appellants, v. ELECTRIC LIGHT AND POWER COMPANY, Appellee.

Landlord's Lien: REMOVAL OF PROPERTY FROM LEASED PREMISES: INJUNCTION. A landlord's lien, upon property used by the tenant upon the demised premises, is not divested by the removal of such property to another location within the county, but follows the property so long as it can be identified, until six months after the expiration of the term, and the landlord will not be entitled to an injunction to prevent such removal where all rent due under the lease has been paid, and it appears that substantially all of the property in question will be capable of identification in its new location, that it will not depreciate in value by reason of such removal, and that the inconvenience which the landlord may suffer in identifying his property is trifling compared with the damage that will be sustained by the tenant if the removal were enjoined.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

WEDNESDAY, MAY 11, 1892.

ACTION in equity to restrain the removal of personal property from premises leased of the plaintiffs by the defendant. From an order dissolving a temporary injunction issued to restrain such removal, the plaintiffs appeal.—*Affirmed.*

*Kelley & Cooper* and *Power & Huston,* for appellants.

*C. L. Poor,* for appellee.

ROBINSON, C. J.—The plaintiffs were the owners of a tract of land in the city of Burlington, which they rented to the defendant for the term of ten years from the thirtieth day of May, 1884, at an annual rental of one hundred and eighty-five dollars and sixty cents, payable annually. The defendant was engaged in furnishing electric light and power in the city, and placed upon the leased premises certain engines, boilers, dynamos, exciters and pumps, with other machinery and appurtenances which it used in carrying on its business. It paid all rent which had become due under the lease, to the thirtieth day of May, 1890, and at the time this action was commenced, in August of that year, had rented other premises in the city of Burlington, to which it had removed part of its property which had been used on the premises leased of the plaintiffs, and to which it proposed to remove the remainder. The plaintiffs allege that the defendant refuses to secure the payment of rent which is to accrue hereafter during the term of their lease to it, and that, if it is permitted to remove its property to the new location, it will become incumbered with other liens which will affect prejudicially, if it does not wholly defeat, the plaintiffs in the collection of such rent. It is also alleged that the defendant has announced its intention to sell a part or all of the property remaining on the premises leased from the plaintiffs, and remove it from the state. They ask that the defendant be restrained from removing any of the property from their premises until adequate security for the payment of the rent to accrue shall be given, or until such rent shall have been fully paid. A temporary injunction was asked and issued. The defendant appeared

and filed an answer, to which the plaintiffs filed a reply. Thereafter the defendant filed a motion to dissolve the injunction, which was supported by affidavits and resisted by counter affidavits. The motion was sustained, and of that ruling the plaintiffs complain.

The pleadings and affidavits show the following facts: When this action was commenced, none of the rent for which the lease in controversy provides was due and unpaid. The defendant proposed to remove all its property remaining on the premises leased of the plaintiffs to its new location, but did not propose to sell any of it nor to remove any of it from the city of Burlington, unless to send some parts of it out of the state for repairs, to be immediately returned. The intent of the defendant in changing the location of its plant was to obtain more space for the purpose of enlarging its capacity, and the removal of all its property to the new location is demanded to carry on its business properly. Most of its machinery, including that which is of most value, is of a kind which can be readily identified in the new location. In what it has done it has acted in good faith, and not with any intent to defraud the plaintiffs or reduce their security. There has been delay in making some of the payments which have become due to plaintiffs under the lease, and the defendant has mortgaged all the property which it owned in April, 1886, and which it might thereafter acquire, to secure the payment of twelve thousand dollars, with interest. That amount is yet unpaid. It does not appear, however, that the financial condition of the defendant will be affected prejudicially by its proposed removal, nor that its net earnings will thereby be reduced.

Section 2017 of the Code is as follows: "A landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used on the

premises during the term, and not exempt from execution, for the period of one year after a year's rent, or the rent of a shorter period claimed, falls due; but such lien shall not in any case continue more than six months after the expiration of the term." In the case of *Grant v. Whitwell*, 9 Iowa, 153, this statute was construed. This court said, in effect, that the lien which it gave the landlord attached when the property was brought upon the leased premises, and that it secured the payment of rent before it became due. The doctrine of that case was approved in *Garner v. Cutting*, 32 Iowa, 547. In *Martin v. Stearns*, 52 Iowa, 345, it was held that the lien given by the statute attached from the commencement of the lease upon all property of the tenant then on the leased premises, and upon all other property afterwards brought thereon, for the rent of the entire term. That rule was approved in *Gilbert v. Greenbaum*, 56 Iowa, 214; *Milner v. Cooper*, 65 Iowa, 190. In *Garner v. Cutting, supra,* it was also held that the landlord might have an injunction to prevent the acts of his tenant which would destroy or impair the security given by his lien, and the principle involved was said to be the same as that which authorized a court of equity, at the suit of a mortgagee, to enjoin the commission of waste by the mortgagor. But this rule must be applied according to the equities of each case. It was not designed to enable the landlord to do more than to protect the security which the law gave him. He should not be permitted to interfere unnecessarily with the business and property of his tenant, nor to use the power which the law gives him in an unreasonable and arbitrary manner. So long as the tenant neither does, nor threatens to do, any act which will materially affect his power to collect the rent for which the lease provides, he should not be permitted to interfere with the use of the property by the tenant. The removal of the property from the

leased premises does not divest the lien, but it follows the property to which it has attached so long as it can be identified, during the term fixed by the statute. That extends for one year after the rent becomes due, excepting that it cannot continue more than six months after the expiration of the term.   In this case the proposed removal of the property will not divest the lien of the plaintiff.   Substantially all the property in question, including all of any considerable value, can be readily identified in the place to which the defendant proposes to remove it.   It will not depreciate more rapidly there than on the premises of the plaintiffs.   It is not proposed to sell it, nor to remove it beyond the jurisdiction of the courts of Des Moines county.   It follows that the security of the plaintiffs will not be materially impaired if the property is removed as proposed.

It is said that another landlord's lien may attach in the new location, and that the property might be sold under that lien, or under the mortgage, or to enforce some other lien; but, should anything of that kind be attempted, the courts will then, if necessary, protect the rights of the plaintiffs.   It is said the property may be worn out and rendered worthless in the new location.   But the premises of the plaintiffs were leased to the defendant with knowledge of the fact that the property which might be placed thereon would be used by the defendant in carrying on its business, and that it would be depreciated in value by such use.   The plaintiffs would not have been heard to complain of depreciation resulting from that use of the property on their premises which was contemplated by the parties when the lease was executed, and they would have no ground to complain of depreciation which may result from a similar use of the property at the new location.   It may be that, if the proposed removal is effected, the plaintiffs will be unable to identify some articles of small value, in case they desire to enforce

their lien, and .it may be that, in consequence of the addition of other property to that removed, they will suffer some inconvenience in identifying and separating the property to which their lien was attached; but these matters will be of trifling importance, as compared with the damage the defendant will suffer if compelled to resume its business on the premises of the plaintiffs, or if compelled to replace the property in question with new property.   We conclude that, under the facts of this case, the relief demanded by the plaintiff would be inequitable, and that the temporary injunction was properly dissolved.   The order of the district court is AFFIRMED.