THE STATE OF IOWA, Appellee, v. CHAS. McGLASSON, Appellant.

1. **Appeals in Criminal Cases:** FAILURE TO PROSECUTE: AFFIRM-ANCE ON MOTION. An appeal in a criminal cause cannot be affirmed or dismissed upon motion in the supreme court based upon the failure of the appellant to prosecute the appeal.

2. ———: OMISSION OF CLERK TO CERTIFY TRANSCRIPT: AFFIRMANCE ON RECORD MADE BY APPELLEE. Where, upon an appeal in a criminal cause, the clerk of the district court fails to certify to the supreme court a transcript of the record, as required by section 4525 of the Code, and the appellant neglects, by proper proceedings, to compel the clerk to perform such duty, and the appellee files a transcript, the case will, in the absence of any showing of prejudice to the appellant, or of grounds for a continuance, be disposed of by the supreme court on its merits, as may appear upon the record thus presented, according to section 4538 of the Code.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

SATURDAY, MAY 28, 1892.

THE facts are stated in the opinion of the court.— *Affirmed.*

*Liston McMillan*, for appellant.

*John Y. Stone*, Attorney General, *Thomas A. Cheshire* and *B. W. Preston*, for the State.

KINNE, J.—The defendant was indicted, tried and convicted for keeping a liquor nuisance. He appeals. The sentence was imposed on December 18, 1891. December 19, 1891, he served notice of appeal to this court, and on January 4, 1892, his appeal bond was approved. No other or further steps have been taken

by the defendant. January 11, 1892, the state served a notice on the defendant's counsel that it would, at the January term of this court, 1892, file with the clerk of this court certified copies of the notice of appeal, the appeal bond, and final judgment of the court below, upon which it would ask that the case be docketed, and the judgment below affirmed. These papers were all duly filed with the clerk of this court on and prior to January 20, 1892.

I. The defendant, in an argument filed, insists that the court cannot affirm or dismiss the case—*first*, 1. APPEALS in because, as he claims, it is incumbent upon criminal cases: failure the clerk of the court below to send up a to prosecute: affirmance on transcript when an appeal is taken by the motion. defendant in a criminal cause; and, *second*, because we are required to examine the record.

Section 4524 of the Code provides, in substance, that an appeal in a criminal case shall be deemed taken when the notices required by section 4523 are filed in the office of the clerk of the court in which judgment was rendered, with evidence of the service thereof indorsed thereon or annexed thereto. Section 4525 provides that when an appeal is taken the clerk must, without unnecessary delay, make out, certify, and transmit to the clerk of this court, a full and perfect transcript of all papers in the case on file in his office, except those returned by the examining magistrate. By section 4538 we are required, when an appeal is taken by the defendant in a criminal case from a judgment rendered against him, to examine the record, and, without regard to technical errors or defects which do not affect the substantial rights of the parties, render such a judgment on the record as the law demands. The statute is imperative, and hence we cannot, on motion, either affirm or dismiss the case, but must in all cases examine the record as required.

II. The defendant contends that, as the statute

requires the clerk of the court below to send up a tran-
script when the appeal is taken, and, as
he failed so to do, therefore, the defend-
ant "is not to be punished for the clerk's
neglect of duty." If the clerk had
refused to send up a transcript after the defendant's
appeal was taken, doubtless the defendant could, by
proper proceedings, have compelled the clerk to per-
form his duty in that respect. If, however, the defend-
ant chooses, as in this case, to take no such steps, and
the state files a transcript, which it may do, we must,
in the absence of a showing by the defendant that he
will be prejudiced, or that he desires a continuance, and
has good grounds therefor, dispose of the case upon its
merits. *State v. Pratt*, 20 Iowa, 268. There is no such
showing or application in this case. We have examined
the record with care, and find no error. The record
does not contain the instructions, evidence, or rulings
thereon, nor the motion for a new trial, and it does not
appear that the defendant excepted to any of the pro-
ceedings had, except to the overruling of his motion
for a new trial. In the absence of the motion, evi-
dence, and rulings thereon, we are not able to say that
the action of the court in overruling the motion was
error.

The judgment below will be AFFIRMED.

*2. ——: omission of clerk to certify transcript: affirmance on record made by appellee.*