STATE OF IOWA, Appellee, v. WILLIAM J. JOHNS, Appellant.

No. 43910.

OCTOBER 26, 1937.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, Leon N. Miller, County Attorney, and C. C. Heer, Asst. County Attorney, for appellee.

G. C. Stuart, A. V. Haas, and L. D. Teter, for appellant.

PER CURIAM.—█ █ The appeal in the above case was perfected November 7, 1936. A transcript from the office of the

clerk of the district court of Dallas County, Iowa, was filed in the office of the clerk of the supreme court on December 9, 1936. Hence, the case was docketed in this court for submission at the January 1937 term thereof in accordance with the provisions of section 14004 of the Code, and was on January 12, 1937, submitted on the clerk's short transcript; defendant-appellant having failed previous to the submission date to file notice under Rule 32 of his desire to submit said case upon a printed abstract, brief and argument. Upon motion of the defendant-appellant, this submission was set aside by order dated January 21, 1937, and the case reinstated, and it therefore remained on the docket for the January 1937 term of said court. This was not a matter of right but merely a matter of grace extended by the court.

Thereupon, to wit: On January 25, 1937, the defendant in a belated effort to comply with Rule 32, filed notice of his desire to be heard on printed briefs and arguments and the case was permitted to go over to the May 1937 term of this court. Having elected to present his case on printed abstract, brief and argument, it was necessary that the abstract be filed within 120 days from November 7, 1936, the date of the giving of the notice of appeal. The case was not submitted at the May 1937 term for the reason that the appellant was unable to prepare and file his abstract in time for submission of the case at said term. Appellant within the 120 days from the date of perfecting his appeal was granted an extension of time for filing abstract until August 1, 1937. No abstract was served or filed on or before August 1, 1937, and no further order was obtained prior to said date of August 1, 1937, authorizing further extension of time for filing the same. The rule requiring abstracts to be filed within 120 days from the date of perfecting the appeal is a statutory rule. Section 12847 of the Code. By Rule 32, as amended, when a defendant in a criminal case elects to present his appeal by means of printed abstract, brief and argument, Code section 12847 is made applicable. Hence, when no abstract was filed within the 120 days or within the period of the extended time, the right of the defendant-appellant to have his case presented on printed abstract, brief and argument was lost and is beyond redemption, and it is beyond the power of this court to revive or restore the same, and the only right left to the defendant-appellant (if indeed it has not also been forfeited—a matter we do not determine) is the right provided by section

14010 of the Code, to have his case submitted on the clerk's transcript, and under the provisions of said section 14010 this court has examined such transcript and finding no error in the record, the judgment of the court below must be affirmed.

■■■ Counsel for defendant-appellant, in a last desperate effort to save to the defendant the right to have the record below in its entirety reviewed by this court, filed in this case on September 17, 1937, an instrument denominated "Motion to Submit Case on Transcript of Evidence and Exhibits as a Part of the Clerk's Transcript." This was resisted on behalf of the state, and the motion and resistance were submitted with the clerk's transcript. We have examined this motion and resistance and are unanimously of the opinion that the defendant is not entitled to circumvent the statute and to overcome by this method his negligence in preparing and filing his abstract within the statutory period. Defendant's counsel direct our attention to the following portion of Rule 32:

"If no such notice, as herein provided, is served, or if the appellant fails to serve and file his abstract and his brief and argument as provided herein said cause shall be submitted upon the record," etc.

This portion of Rule 32 is based upon Code section 14010, wherein it is provided:

"If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands;" etc.

The record here spoken of does not include the evidence in the trial below. In the case of State v. Blodgett, 143 Iowa 578, at 589, 121 N. W. 685, 689, 21 Ann. Cas. 231, in considering this section of the Code, we said:

"The record meant is that upon which the cause is submitted. This may be on transcript of all papers in the case on file save those returned by a committing magistrate and all entries in the record book. * * * This does not include the evidence."

Manifestly, there is no provision in the statutes of this state, or in the rules of this court that requires the court to read the

entire transcript of the evidence and examine the exhibits introduced in evidence without the aid of any printed brief or argument. To approve such procedure would put a premium upon negligence of counsel in preparation of appeals and transmit to this court the duties and burdens which the law and rules of this court impose upon appellant's counsel. Therefore, the appellant's motion is overruled.

■■■ The original files, including the indictment, the motion for change of venue, the request for instructions, and the instructions given by the court, the motion for new trial, and objections and exceptions to instructions, with the rulings of the court thereon, were before the court in this case, and we have taken the trouble to carefully consider the same, and from the record before us we fail to find wherein any reversible error has been committed by the trial court. It would seem that there was ample justification for the change of venue, and while there were certain instructions requested by the defendant, so far as they were material and presented correct principles of law they were covered by the instructions given by the court, and hence there was no error in refusing those tendered by the defendant. The instructions read as a whole, we think, fairly submitted the case to the jury. Matters pertaining to the introduction of testimony and rulings of the court on objections to the introduction of testimony obviously cannot be passed upon for the simple reason that the appeal was not presented in the way and manner provided by the statute, and the rules of this court, to enable us to consider matters of this kind. If the defendant has met with any misfortune in not having the case properly presented to this court, it is not the fault of the law or the rules of this court.

The statutes of this state make ample provision for the full protection of defendants in criminal cases where they desire to appeal from the district court to the supreme court. If they are unable at their own expense to have a transcript of the evidence printed, provision is made for having this done at the expense of the county, and we notice from the record that at defendant's request in this case such an order was made and the transcript of the evidence furnished at the expense of the county. Not being able to prepare his abstract within the 120 days, this court extended the time until August 1, 1937. Having elected to present his case on printed abstract, brief and argument, it

was incumbent upon the defendant to abide by the provisions of sections 14009 and 12847 of the Code, the latter being made applicable to criminal cases, as heretofore pointed out, by amendment to Rule 32.

It therefore follows that the case must be and is affirmed. —Affirmed.