STATE OF IOWA, Appellant, v. ROBERT CHENOWETH, Appellee.

No. 44159.

218

 

FEBRUARY 7, 1939.

John H. Mitchell, Attorney General, Charles W. Wilson, Asst. Attorney General, and Edward P. Powers, County Attorney, for appellant.

Valentine & Valentine, Fee & Milani, and Paul James, for appellee.

PER CURIAM.—An information was filed in the district court of Appanoose county, Iowa, by the county attorney, which, with its amendments, was in the following language (omitting the caption):

"Comes now Edward W. Powers, as County Attorney of Appanoose County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Robert Chenoweth with the crime of circulating obscene matter; and charges that the said Robert Chenoweth, *a druggist,* in the county and state aforesaid, did on or about the 11th day of February, 1937, place in charge of Robert Pryde and Olin Attwell, certain printed matter, being a pamphlet entitled 'Birth Control,' said pamphlet advertising a device for the prevention of conception, for the purpose of conveying said obscene matter to the houses in the city of Centerville, Appanoose County, Iowa, contrary to the provisions of Sec. 13191 of the Code of Iowa, 1935. A copy of said pamphlet entitled 'Birth Control' is attached hereto, marked

Exhibit 'A', and made a part of this information.'' (Signed by the county attorney.)

The defendant demurred to the foregoing information on the following grounds:

(a) That the information fails to charge a crime under the statutes of Iowa.

(b) That the facts charged do not constitute an offense punishable under any of the statutes of Iowa.

(c) That the facts charged, if true, would constitute a complete defense and bar to the prosecution.

(d) That the information fails to negative the fact that the defendant was a druggist and was acting in his regular business as such.

(e) That chapter 177 of the 21st General Assembly, of which section 13191 of the 1935 Code is a part, is unconstitutional and void and in violation of and repugnant to section 29 of article III of the State Constitution, for the reason that the act embraces more than one subject and the subjects embraced in the act, including any criminal offense and penalty, are not expressed in the title.

The demurrer was sustained by the trial court and the defendant discharged. The State has appealed.

The State includes in its argument carefully prepared answers to each ground of the demurrer.

However, the trial court sustained the demurrer on the specific grounds (c), (d) and (e), specifically holding that the facts charged in the information, if true, constitute a complete legal defense; that the information fails to negative the fact that the defendant, a druggist, was acting in his regular business in committing the acts charged and, that the act is unconstitutional for the reasons as stated in the last paragraph of the demurrer. We will only notice the grounds included in the demurrer which were directly and specifically passed upon by the trial court. Of course, we are met at the threshold of the consideration of this case with the thought that if the defendant was in fact a druggist and so engaged at the time of the alleged commission of the acts complained of, what would a reversal avail the State other than to obtain a pronouncement of this court upon questions which may not be pertinent or material?

Article III, section 29, of the State Constitution, provides:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The act in question here was adopted by the 21st General Assembly as chapter 177. The title to this act is as follows:

"An Act to Suppress the circulation, advertising, and vending of Obscene and Immoral Literature and articles of Indecent and Immoral use, and to confiscate such property."

The act consists of sections 1 to 7, inclusive. These sections, without any change, now appear as sections 13190 to 13195, inclusive, of the 1935 Code, and the information under which the defendant, appellee, is charged in the instant case, is drawn under section 13191.

The crime charged in the information is "circulating obscene matter." In the original act the headnote of this section, which of course was supplied by the compiler of the session laws, was "circulating through the mail," and this headnote was carried at the head of the section in the Code of 1897 as section 4953. The present Code has as its headnote, "circulating obscene matter." It might be well to understand that the headnotes in the various codes are, for the most part, supplied by the code editor, and form no part of the statutory law of the State. In many criminal statutes of the State no name is given by statute to the crime defined by the statute, and this is true in the instant case. Headnote to the particular section in question (13191), "circulating obscene matter", is no part of the statutory law of the State, and its inclusion in the information in the instant case adds nothing to the information. However, the information in the instant case, as hereinabove quoted, must be held sufficient to charge a violation of the section in question.

We have quoted the constitutional provision as to the mandatory requirements to be expressed in the title to legislative acts, and we have also quoted the title to the act in question for the purpose of calling attention to the apparent failure in the title to the act to comply with the constitutional requirements. The title does not even infer that the act creates or defines a crime. It simply indicates that the circulation, adver-

tising, and vending of obscene literature, etc., may be suppressed and the articles confiscated. There is not even an intimation in the title that it is unlawful to so circulate or advertise or that punishment may be inflicted upon a person violating any of the provisions of the act. However, we find it unnecessary to pass upon the constitutionality of the act in question for the reason that we are abidingly of the opinion that the inclusion of the words "a druggist" in the information clearly places the appellee within the exception provided in section 13195. This section is as follows:

"Nothing in sections 13190 to 13194, inclusive, shall be construed to affect teaching in regularly chartered medical colleges, or the publication or use of standard medical books, or the practice of regular practitioners of medicine *or druggists in their regular business,* or the possession by artists of models in the necessary line of their art."

The appellant attempts to avoid the result we have indicated by the statement that in order to come within the exception contained in section 13195 the information should contain in addition to the words. "a druggist", the words, *"in his regular business"*. But we are of the opinion that there is no merit in the appellant's contention on this question. The pronouncement of this court in State v. Burns, 181 Iowa 1098, 1102, 165 N. W. 346, 348, we think is determinative of the question involved, and that it is still the law of this State. The opinion written by former Justice Gaynor and concurred in by Justices Weaver, Preston and Stevens, recites:

"An indictment charging merely that one went armed with, and had concealed upon his person, an offensive and dangerous weapon, which does not state that the party charged does not come within the exception, leaves the mind in doubt as to his criminality. An indictment which charges the violation of a statute must so state the facts that, upon demurrer, the facts being admitted, an intelligent judgment could be pronounced by the court. If an indictment is drawn under a statute which, in itself, excepts some persons from criminality for the act, how can it be charged that the defendant is guilty unless it is alleged and proved that he is not within the exceptions of the statute?"

It will be noticed from the foregoing quotation that where

a defendant is charged under a statute which contains provisions excepting some persons from the provisions of the act that the indictment or information should charge that the defendant is not within the exception of the statute. And this case also inferentially holds that the question here under consideration may be raised by a demurrer to the indictment or information.

In the Burns case the indictment failed to negative the exception, while in the instant case the information affirmatively pleads the defendant within the exception created by the statute. Section 13732-c22 provides that an information shall not be held insufficient for a failure to negative an exception but in the case at bar, as we have stated, the information expressly places the defendant within the exception. The last section mentioned would no doubt apply had the state failed to allege that the defendant was a druggist, but it certainly is not applicable under the present record.

We are constrained to hold that the trial court was right in sustaining the demurrer to the information on the ground that the facts charged in the information, if true, would constitute a complete legal defense and a bar to the prosecution, and that the facts charged clearly bring the appellee within the exception provided in section 13195, heretofore quoted.

With this conclusion it becomes unnecessary to pass upon the constitutionality of the act in question.—Affirmed.

This opinion was written by Justice Anderson while a member of this court. It is now adopted by the court, as it is now composed, as the opinion of the court.