STATE OF IOWA, Appellee, v. MARCUS J. DUNLEY, Appellant.

No. 44996.

FEBRUARY 6, 1940.

REHEARING DENIED MAY 11, 1940.

Edward L. O'Connor and Phil J. Roan, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and R. N. Johnson, Jr., County Attorney, for appellee.

MILLER, J.—On September 22, 1936, an indictment was returned against the defendant, together with one Don L. Harris, finding that they did, on April 13, 1936, "without a license and with intent to evade the provisions of Chapter 393-C1 of the 1935 Code knowingly sell Best Incinerator stock to Dr. I. F. Thompson in violation of the Iowa Securities Act." A motion for severance having been sustained, defendant was tried alone, was convicted and on May 4, 1939, was sentenced for a term of not to exceed 5 years in the state penitentiary at Fort Madison. On the same day, May 4, 1939, notice of appeal was served upon the county attorney and filed with the clerk of the district court.

 I. At the outset, we are faced with the attorney general's contention that the appeal should be dismissed for failure to comply with Rule 32 of this court. The record, upon which the attorney general claims the case should be dismissed, is as follows: Following the perfection of the appeal on May 4, 1939, a clerk's transcript of the record was filed in this court on July 21, and on September 2 notice was given to the attorney general pursuant to Rule 32 that the appellant elected to submit the case on printed abstract and brief and argument. On September 27, a motion to dismiss and appellant's resistance thereto were filed. The same were submitted to this court and the motion to dismiss was overruled on October 17. On December 7, appellant filed an abstract and a brief and argument. On December 29, the attorney general filed a motion to reconsider the ruling on the motion to

dismiss and appellant filed a resistance thereto. The motion to reconsider was ordered submitted with the case. We find no merit in the contentions of the attorney general.

In the case of State v. McGlasson, 86 Iowa 44, 45, 52 N. W. 226, this court undertook to construe the statutes which are controlling here. In view of the fact that the section numbers of the Code of 1873 differ from those contained in the 1935 Code, we have inserted in parenthesis the present section numbers, corresponding to those set forth in the following statement of this court in that case, to wit:

"Section 4524 (13997) of the Code provides, in substance, that an appeal in a criminal case shall be deemed taken when the notices required by section 4523 (13997) are filed in the office of the clerk of the court in which judgment was rendered, with evidence of the service thereof indorsed thereon or annexed thereto. Section 4525 (13998) provides that when an appeal is taken the clerk must, without unnecessary delay, make out, certify, and transmit to the clerk of this court a full and perfect transcript of all papers in the case on file in his office, except those returned by the examining magistrate. By section 4538 (14010) we are required, when an appeal is taken by the defendant in a criminal case from a judgment rendered against him, to examine the record, and, without regard to technical errors or defects which do not affect the substantial rights of the parties, render such a judgment on the record as the law demands. The statute is imperative, and hence we cannot, *on motion*, either affirm or dismiss the case, but must *in all cases* examine the record as required." (Italics supplied.)

Our recent decision in the case of State v. Neville, 227 Iowa 329, 288 N. W. 83, is an example of a reversal by us, pursuant to the mandate of this statute.

While some of our later decisions tend to cast some doubt upon the pronouncement, contained in State v. McGlasson, supra, a careful examination of them convinces us that, in addition to the fact that the case has never been expressly overruled, the decisions do not warrant us now holding that it has been overruled by implication. We are disposed to hold that the statement there made by us is still the law. Accordingly, when the clerk's transcript was filed in this court on

July 21, 1939, it became our duty, pursuant to section 14010 of the Code, 1935, to examine said record and the case could not be dismissed or affirmed unless from such examination we were satisfied, without regard to technical errors or defects which do not affect the substantial rights of the parties, that the record sustains the conviction.

Under Rule 32 of this court[1], if the appellant desired to submit the case upon a printed abstract and brief and argument, he was required to serve a notice to that effect on the attorney general and file such notice before the date set for the submission. Such a notice was served and filed September 2, 1939; it was timely and continued the cause to the January 1940 term.

However, Rule 32 expressly provides that the requirements of section 12847 of the Code apply to the filing of the abstract. This section requires that the abstract be filed within 120 days after the appeal is taken, unless additional time be granted by the court or a judge thereof. No additional time was so granted. When the abstract was filed on December 7, 1939, more than 120 days had transpired. Appellant had lost his right to file an abstract. This is clear from our statement in State v. Johns, 224 Iowa 487, 488, 275 N. W. 559, 560, to wit:

"Appellant· within the 120 days from the date of perfecting his appeal was granted an extension of time for filing abstract until August 1, 1937. No abstract was served or filed on or before August 1, 1937, and no further order was obtained prior to said date of August 1, 1937, authorizing further extension of time for filing the same. The rule requiring abstracts to be filed within 120 days from the date of perfecting the appeal is a statutory rule. Section 12847 of the Code. By Rule 32, as amended, when a defendant in a criminal case elects to present his appeal by means of printed abstract, brief and argument, Code section 12847 is made applicable. Hence, when no abstract was filed within the 120 days or within the period of the extended time, the right of the defendant-appellant to have his case presented on printed abstract, brief and argument was lost and is beyond redemption, and it is beyond the power of this court to revive or restore the same, and the only right left to the defendant-appellant (if indeed it has not also been forfeited — a matter we do not determine) is the right provided by section 14010 of the Code, to have his case submitted on the clerk's transcript, and under the provisions of said section 14010 this court has examined such transcript and finding no error in the record, the judgment of the court below must be affirmed."

It will be noted that the above pronouncement, in addition to definitely determining that the right to file the abstract was lost, indicates that the right to file a printed brief and argument was also lost. However, under Rule 32, the brief and argument was not required until "at least 30 days before the day then assigned for the submission of said cause." On December 7, 1939, this cause was assigned for submission January 9, 1940. The argument herein was filed within the limit fixed by Rule 32. Also, the argument challenges only the action of the trial court in overruling a demurrer to the indictment. All of the record necessary to determine the conten-

tions of appellant, contained in the printed brief and argument, is shown by the clerk's transcript. That record is still before us and, unless we were to overrule State v. McGlasson, supra, we are required to examine that record pursuant to section 14010 of the Code, 1935. In such examination we must consider the contentions presented by appellant's argument in reference thereto.

In State v. Johns, supra, we do not determine whether appellant lost his right to have the transcript examined, and, as a matter of fact, did examine such record under the provisions of section 14010. In State v. Blodgett, 143 Iowa 578, 589, 121 N. W. 685, 689, 21 Ann. Cas. 231, we reaffirmed the position taken by us in State v. McGlasson, supra, but held that the clerk's transcript was the only record which we were required to examine, stating as follows:

"Section 5462 of the Code (1897) does require the Supreme Court to 'examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties and render such judgment on the record as the law demands.' The record meant is that upon which the cause is submitted. This may be on transcript of all papers in the case on file save those returned by a committing magistrate and all entries in the record book. Section 5450, Code (1897). *This does not include the evidence.* Harriman v. State, 2 G. Greene [270], 271. See State v. McGlasson, 86 Iowa [44], 47 [52 N. W. 226]." (Italics supplied.)

See also, State v. Owens, 109 Iowa 143, 80 N. W. 226; State v. Steidley, 135 Iowa 512, 515, 113 N. W. 333, 335; State v. Stoner, Iowa, 202 N. W. 609. In State v. Van Andel, 222 Iowa 932, 270 N. W. 420, we held that failure to file an abstract within 120 days or to secure an extension of time within such 120 days deprived appellant of the right to file an abstract, but in that case we examined the record, and finding no error, affirmed the case. We did not dismiss it.

In State v. Briggs, 207 Iowa 221, 223, 222 N. W. 552, we held that, where the assignments of error did not comply with the rules of this court, we would not consider them, but in that case we examined the record and finding no error requiring interference, affirmed the judgment. This was in accord

with the earlier holding of this court in the case of State v. Lundermilk, 50 Iowa 695, 696, wherein we state:

"A failure to assign errors and press them in argument does not, in a criminal, as in a civil case, authorize us to dispose of it without examining the record.

"The statute requires us to inspect the record and determine whether the law has been correctly administered, though no objection be formally made to the proceedings."

The attorney general's motion to dismiss is based upon section 12848 of the Code, 1935. Such section provides for dismissal or affirmance in the event an abstract is not timely filed. After careful examination of our decisions, we find no case justifying our overruling the position taken by us in State v. McGlasson, supra, hereinbefore quoted. We are not required to and do not consider the abstract which appellant filed December 7, 1939. But we recognize and hold that we are required to examine the record presented by the clerk's transcript. Accordingly, we adhere to our former holding overruling the attorney general's motion to dismiss the appeal.

In our deliberation upon this case, it has become apparent to some members of this court that the automatic continuance provided for in Rule 32, in the event that a notice is served upon the attorney general of an election to submit a criminal case upon a printed abstract, brief and argument, tends to arbitrarily and unreasonably delay the submission of criminal cases in this court. Such members of the court are disposed to modify this phase of Rule 32. We refer to this attitude as a warning of the possibility of an amendment to Rule 32, in so far as it automatically grants a continuance over the term whenever proper notice is served upon the attorney general.

II. Appellant's first assignment of error challenges the sufficiency of the indictment on the grounds that it fails to negative the exceptions legalized by chapter 393-c1. Appellant relies upon our holding in the case of State v. Chenoweth, 226 Iowa 217, 284 N. W. 110. In that case, the defendant was accused of violating section 13191 of the Code, 1935, by a county attorney's information, which described the defendant as "a druggist". Section 13195 of the Code, 1935, provides

that sections 13190 to 13194, inclusive, shall not apply to "druggists in their regular business". What we held was that the information showed on its face that the defendant came within the exception stated in section 13195, and, accordingly, the information was fatally defective. As a general proposition, section 13732-c22 of the Code, 1935, provides that no indictment shall be insufficient merely for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. In referring to this statute, we state, 226 Iowa at page 222, 284 N. W. at page 112, as follows:

"Section 13732-c22 provides that an information shall not be held insufficient for a failure to negative an exception but in the case at bar, as we have stated, the information expressly places the defendant within the exception. The last section mentioned would no doubt apply had the state failed to allege that the defendant was a druggist, but it certainly is not applicable under the present record."

The foregoing language of this court is conclusively against the contentions of appellant. While such language may have been dicta in that case, it is a correct statement of the law, we adhere to it, and apply it herein. There is no merit in appellant's first assignment of error.

III. Appellant's second assignment of error challenges the constitutionality of said section 13732-c22, as well as section 8581-c15 of the Code, 1935. Many of appellant's contentions have been decided adversely to appellant by repeated pronouncements of this court wherein we have sustained the constitutionality of the Short Indictment Act. State v. Keturokis, 224 Iowa 491, 276 N. W. 600; State v. Engler, 217 Iowa 138, 251 N. W. 88; State v. Henderson, 215 Iowa 276, 243 N. W. 289. However, this court is also committed to the proposition that it will not pass upon the constitutionality of a statute unless it is necessary to do so in the determination of a given case. State v. Altomari, 199 Iowa 43, 44, 201 N. W. 51. As we have heretofore pointed out, our consideration of this case is required by section 14010 of the Code, 1935, which section requires us to examine the clerk's transcript, without regard to technical errors or defects which do not affect the substan-

tial rights of the parties, and render such judgment on such record, as the law demands. When we examine such record pursuant to the dictates of the statute there is no merit in the contentions of appellant.

One of the reasons asserted for the unconstitutionality of the statutes attacked by appellant is that the statutes deprive appellant of information to which he was entitled concerning the nature of the charge against him. The gravamen of this contention is that appellant was not properly advised of the evidence to be used against him negativing the exceptions to the Iowa Securities Act which would have rendered the sale of stock to Dr. Thompson legal. The principal exception is that the statute does not apply to an isolated transaction. The record shows that prior to the filing of the demurrer to the indictment, the county attorney had served upon the defendant six notices setting forth the names of witnesses and the substance of their testimony to be introduced on the trial. These witnesses were to testify concerning similar transactions and the effect of their testimony was to negative any exception within the statute which might constitute a defense. Accordingly, the record shows that any constitutional right appellant was insisting upon was fully protected and the vices claimed to be present in the statutes attacked were not present under the record herein.

Appellant also complains that section 8581-c15 of the Code, 1935, placed upon the defendant the burden of proving that the sale was an exception to the Iowa Securities Act, and that the State should have had the burden of negativing such exception. Examination of the record shows that upon the submission of this case, the county attorney requested the court to instruct the jury in accordance with section 8581-c15 that the burden was on the defendant to negative any of the exceptions in the statute. The court refused to give such instruction. It gave an instruction requested by the defendant that an isolated transaction in which any security is sold is not unlawful. The court also gave an instruction of its own which emphasized the fact that an isolated transaction would not be a violation of law, and another instruction stated that to be a violation of law, more than one transaction must be involved. The general instructions given in reference to bur-

den of proof, reasonable doubt, etc., clearly placed upon the State the burden of proving that the sale to Dr. Thompson was not an isolated transaction and did not come within the exemptions provided in the statute. Accordingly, there is no merit in appellant's second assignment of error.

We have carefully read the record shown by the clerk's transcript in its entirety, for the purpose of determining whether anything therein contained, in addition to the matters challenged by appellant's argument, would warrant a reversal of this case. We find no such error. The judgment is affirmed. —Affirmed.

CHIEF JUSTICE and all JUSTICES concur.