STATE OF IOWA, Appellee, v. WAYNE W. WILLIAMS, Appellant.

No. 45000.

FEBRUARY 13, 1940.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and Francis J. Kuble, County Attorney, for appellee.

T. H. Haynes and Edward L. O'Connor, for appellant.

MILLER, J.—This matter is presented to the court on application of the appellant for permission to submit this cause upon the transcript of the evidence in lieu of a printed abstract. Before stating the reason for our denial of such application, it is necessary to briefly set forth the proceedings so far had herein.

On February 17, 1939, by indictment, appellant was accused of operating a motor vehicle while intoxicated. He entered a plea of not guilty. Trial was had to a jury, resulting in a verdict of guilty. Motion for new trial, exceptions to instructions, motion in arrest of judgment, and motion for judgment notwithstanding the verdict were filed, argued, sub-

mitted and overruled, and, on the 22d day of April, 1939, judgment was entered sentencing the defendant to pay a fine of $400, or, in default thereof, to serve 120 days in jail. On June 9, 1939, notice of appeal to this court was served on the county attorney and filed with the clerk of the district court. The clerk's transcript of the record was filed July 25, 1939. Appellant served notice upon the attorney general of an election to submit the case on printed brief and argument under Rule 32. This continued the cause to the January 1940 term of this court.

No abstract of the record was served or filed within 120 days following the serving and filing of the notice of appeal, nor was any order entered in this court extending the time within which to file such abstract. By reason thereof, on December 8, 1939, the attorney general served and filed a motion to dismiss or affirm, asserting that the filing of the abstract was jurisdictional and failure to file the same within 120 days following June 9, 1939, caused appellant, by his own omission, to lose all right to appeal. This motion was resisted, and on December 12, 1939, was overruled. On December 29, 1939, the attorney general filed a motion to reconsider the order overruling the motion to dismiss. Resistance was filed thereto, and on January 16, 1940, the motion to reconsider the former ruling was overruled. In the meantime, this cause was set for hearing before the second division of this court at the February 1940 period, and, on application of appellant, has been passed to the March period.

The application for permission to submit the cause on the transcript of the evidence was filed January 29, 1940. At the present time, there is no brief and argument on file on behalf of the appellant, nor has anything been filed other than as above reviewed.

In the recent case of State v. Dunley, 227 Iowa 1085, 290 N. W. 41, we had occasion to review the procedure in this court in criminal cases. We there held that, under the provisions of Rule 32, where notice is served upon the attorney general of an election to submit a criminal case on a printed

abstract, brief and argument, the abstract must be filed within
120 days after the service and filing of the notice of appeal
unless additional time be granted therefor within such 120
days, otherwise the right to file the abstract is lost, and this
court will not consider an abstract subsequently filed. We
held, however, that, under the provisions of section 14010 of
the Code, 1935, we were required to consider the record con-
tained in the clerk's transcript, and we considered appellant's
argument which challenged the proceedings which were shown
by the transcript. But we definitely held that we were not
required to and would not consider any record other than that
shown by the clerk's transcript.

The application now presented to us seeks to avoid the
rule of the Dunley case by substituting in lieu of the abstract
the transcript of the evidence to be considered with the clerk's
transcript. As above stated, such application has been filed here
after the right to file an abstract has been lost. We are of the
opinion, and hold, that the application for permission to have
the case submitted on the transcript of the evidence should have
been filed before the right to file an abstract had been lost, and,
accordingly, the application will not now be considered. Were
we to hold otherwise, we would overrule definite pronounce-
ments of this court.

In the case of State v. Johns, 224 Iowa 487, 488, 275 N. W.
559, we state that, when no abstract is filed within the 120
days or within the period of extended time granted by this
court, the right of the defendant-appellant to have his case
presented on the printed abstract is lost and is beyond re-
demption, and it is beyond the power of this court to revive
or restore the same. In State v. Van Andel, 222 Iowa 932,
270 N. W. 420, we also assert that this court loses jurisdiction
to extend the time to file an abstract in a criminal case after
120 days have intervened between the filing of a notice of
appeal and the application for such extension of time.

It would be anomalous for us to say that an appellant
in a criminal case loses the right to file an abstract when he

fails to file the same or secure an extension of time therefor within 120 days after service and filing of the notice of appeal, and at the same time assume jurisdiction to grant such appellant the right to apply for and secure the submission of his case on the transcript of the evidence after the expiration of such 120 days. We are unwilling to assume any such position.

Accordingly, the application for permission to submit this cause on the transcript of the evidence must be and it is denied. —Denied.

CHIEF JUSTICE and all JUSTICES concur.

## MAY 7, 1940.

PER CURIAM.—Another phase of this case was before the court on a prior occasion. For opinion, see State v. Williams, 228 Iowa 761, 290 N. W. 106.

The case now comes to us on a clerk's transcript of the record. It appears therefrom that the appellant was indicted for the crime of operating a motor vehicle while intoxicated. He plead not guilty. There was a trial to a jury and a verdict of guilty upon which judgment was pronounced. From the judgment so entered, the defendant has appealed to this court.

In accordance with the statute, we have examined the record and find no error therein. The judgment of the trial court is, therefore, hereby affirmed.—Affirmed.