STATE OF IOWA, Appellee, v. FRED L. EVANS, Appellant.

No. 45199.

DECEMBER 31, 1940.

REHEARING DENIED MAY 16, 1941.

934

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Arthur J. Braginton, County Attorney, and G. L. Gray, special counsel, for appellee.

H. W. Hanson, for appellant.

MILLER, J.—The information, filed by the county attorney, accused defendant of the crime of obtaining property by false pretenses in that, on or about October 18, 1938, he obtained from Addie Otto one Emmetsburg Investment Co-Collateral Trust Note, Number 100, by false pretenses. Trial was had, resulting in a verdict of guilty. Defendant was sentenced to an indeterminate period of seven years at hard labor and now appeals.

Appellant served notice of his desire to submit the case upon a printed abstract, pursuant to the provisions of Rule 32 of this court, but failed to serve and file such abstract within 120 days following the filing of his notice of appeal, and, having failed to secure an extension of time within that period, his right to have the case submitted on a printed abstract was lost. State v. Clark, 227 Iowa 1082, 290 N. W. 46; State v. Williams, 228 Iowa 761, 290 N. W. 106, 291 N. W. 873. However, pursuant to the provisions of section 14010 of the Code, 1939, this court is still required to examine the record, presented by the clerk's transcript. State v. Dunley, 227 Iowa 1085, 290 N. W. 41. Accordingly, appellant has filed an argument, asserting that the cause should be reversed because of errors asserted to appear in the record presented by the clerk's transcript.

Most of the assignments of error which appellant asserts complain of the issues included in the court's instructions to the jury. In a civil case, the issues are raised by the pleadings and the evidence is material in determining whether a particular issue has sufficient support in the evidence to warrant its submission to the jury. In a criminal case, with our short form of information or indictment and a plea of not guilty thereto, the pleadings do not embody all the issues and the evidence is even more important in determining what issues should be submitted to the jury. Without the evidence before us, it is impossible for us

to pass upon most of the propositions appellant attempts to raise by his assignments of error.

Appellant's first assignment of error asserts: ''The court erred in failing to instruct that the thing obtained by the alleged fraudulent statements must be something of value.'' The rule of law which appellant invokes is concisely stated in 22 Am. Jur. 464, as follows: ''In general the obtaining and possession of something of value is an essential element of the crime of obtaining property under false pretenses, and, where this essential is lacking, there is no crime. * * * The statutes in stating the elements of the crime of false pretenses quite commonly refer to the thing obtained as property, enumerate certain specific classifications of property or specific articles of property, and add the words 'or other property,' 'or other valuable thing,' or 'or other valuable effects.' '' Our statute, section 13045 of the Code, 1935, refers to ''any money, goods, or other property''. Obviously, our statute contemplates, as an essential element of the crime, that the thing obtained under false pretenses be something of value.

The court's instruction No. 4 undertook to state to the jury in seven numbered paragraphs the propositions which the State was required to prove beyond a reasonable doubt to support a conviction. Paragraphs Nos. 5 and 6 were as follows:

''5.    That the said Addie Otto by reason of her belief that said statements and representations were true, and relying thereon, delivered to the defendant her Emmetsburg Investment Co-collateral Trust Note number 100.

''6.    That the said Addie Otto was the owner and holder of the said Emmetsburg Investment Co-collateral Trust Note, number 100, and it was at the time her property.''

The gist of appellant's complaint appears to be that, in paragraph No. 6, the court should have instructed the jury that the trust note was ''something of value''. We think that the court's instruction was sufficient in that it required the jury to find that the trust note was ''property''.

Webster's New International Dictionary defines ''property'' as follows: ''The exclusive right to possess, enjoy, and dispose of, a thing; ownership; in a broad sense, any valuable right or

interest considered primarily as a source or element of wealth''. In the case of Wapsie P. & L. Co. v. Tipton, 197 Iowa 996, 1000, 193 N. W. 643, 645, we state: ''The term 'property' is said to be nomen generalissimum, and to include everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value, or which goes to make up one's wealth or estate.'' We know of no definition of the term ''property'' which could be reconciled with the idea that it was not something of value. When the court instructed the jury that it was necessary that they find that the trust note was the property of Addie Otto, it advised them that they must find that it was something of value.

In determining whether or not the court sufficiently advised the jury that they were required to find that the thing obtained from Addie Otto was something of value, we are severely handicapped by the absence of the testimony. It may be that the evidence was undisputed that the trust note appellant obtained was something of value. Appellant was a witness. His own testimony may have conceded that fact. If such were the record, then the court's instruction was sufficient. State v. Chumley, 229 Iowa 579, 294 N. W. 764, and cases cited therein. Since we do not have the evidence before us, we cannot and do not pass upon this proposition.

█ Appellant's second assignment of error asserts: ''The information was not sufficient in that there was no allegation of value of the Emmetsburg Investment Company Co-collateral Trust Note, No. 100.'' What we have said heretofore disposes of this contention. As above stated, the information accused defendant of the crime of obtaining something of value. Accordingly, we find no merit in appellant's contention. See, also, State v. Detloff, 201 Iowa 159, 166, 205 N. W. 534, 537.

Appellant's third and fourth assignments of error pertain to subparagraph No. 1 of the aforesaid instruction No. 4, wherein the court, in setting forth the propositions which the State was required to prove, included therein in paragraph No. 1, the following:

''1. That the defendant did wilfully, unlawfully, designedly, and by false pretense, state and represent to Addie Otto

that he was at the time the owner of the 160 acre farm described in land sale contract marked Exhibit A in this case, subject to the contract of sale of said premises to one L. A. Lefler, and that said land sale contract Exhibit A and promissory note marked Exhibit B in this case, were at the time good and enforceable.''

Appellant's complaint against the foregoing instruction asserts that the court failed to call to the attention of the jury the fact that there was evidence that the land sale contract was given as collateral security for defendant's note Exhibit D. Since the evidence introduced at the trial is not before us, we are unable to determine whether there is any merit in appellant's contention. We cannot and do not pass upon the proposition.

Appellant's fifth, sixth and seventh assignments of error challenge the sufficiency of subparagraph No. 5 of the court's instruction No. 4 hereinbefore quoted, the appellant asserting that the court erred in failing to give the additional instruction that the parting with the trust note must have been done with the intention then and there to part with title and not merely with the possession of it.

Appellant relies upon pronouncements of this court in the cases of Cedar Rapids Nat. Bk. v. American Surety Co., 197 Iowa 878, 882, 195 N. W. 253, and State v. Loser, 132 Iowa 419, 429, 104 N. W. 337, 340, to the effect that if, as a result of false pretenses, one intends to invest the accused with the mere possession only of the property and the latter with the requisite intent receives and converts it to his own use, it is larceny, whereas, if the owner, in parting with the property, intends to invest the accused with the title also, the latter has committed the crime of obtaining the property by false pretenses. Appellant was accused of the crime of obtaining property by false pretenses. Accordingly, it was essential that the state prove that, when appellant obtained the property from Addie Otto, she intended to pass title to him as a result of the transaction.

We cannot determine whether or not the instruction was prejudicial to the appellant because we do not have the evidence before us. It may be that the evidence was undisputed that Addie Otto intended to pass title to the trust note to appel-

938

lant, that there was no issue on this feature of the case, and that the only real issue between the parties was whether or not title to said note was obtained by false pretenses. If such were the record, then the court's instruction was sufficient. State v. Chumley, supra. Since we do not have the evidence before us, we cannot and do not pass upon the proposition.

We have carefully examined the record. We find nothing that would warrant or require a reversal. The judgment is— Affirmed.

MITCHELL, HAMILTON, BLISS, OLIVER, SAGER, and HALE, JJ., concur.