STATE OF IOWA, Appellee, v. KATHRYN FERGUSON, Appellant.

No. 46027.

DECEMBER 15, 1942.

REHEARING DENIED APRIL 9, 1943.

Willard F. Russell, of Toledo, for appellant.

John M. Rankin, Attorney General, and Walter J. Willett, County Attorney, for appellee.

GARFIELD, J.— █  I.  The appeal was perfected on February 2, 1942. On May 2d, pursuant to our Rule 32, appellant served upon the attorney general and the clerk of this court notice of her desire to submit the case upon a printed abstract and brief and argument. The abstract was filed on August 10th. The State has moved to strike the abstract because not filed within one hundred and twenty days after the appeal was perfected, as required by section 12847, Code, 1939. The motion was ordered submitted with the case. The motion must be sustained. Our Rule 32 plainly provides that "section 12847 of the Code shall apply to the filing of the abstract in a criminal case." Appellant was more than two months late in filing her abstract. Squarely in point are State v. Christiansen, 231 Iowa 525, 526, 1 N. W. 2d 623, 624; State v. Evans, 229 Iowa 932, 934, 295 N. W. 433, 434; State v. Dunley, 227 Iowa 1085, 290 N. W. 41.

█  It is nevertheless our duty, under Code section 14010, to consider the appeal. See cases cited. The record properly before us consists of a clerk's transcript. Appellant's brief and argument was also filed within the time provided by Rule 32, more than thirty days before the day of submission, and is also properly before us.

█  II.  Appellant was tried upon a county attorney's information which accused her of arson and charged that she willfully and maliciously set fire to the dwelling house of E. V. Tuttle in the town of Traer, Tama county, in violation of section 12991.1, Code, 1939. In instructing the jury, the court defined arson as the willful and malicious burning by a person of any dwelling house that is the property of another. One of appellant's two claims to a reversal is the court's failure to submit to the jury what is said to be the included offense of burning a shop, warehouse, or other building, defined by section 12991.2.

There is apparently no dispute regarding the character and use of the building which was set on fire. In construction and outward appearance it was a dwelling house. It was occupied by E. V. Tuttle as his dwelling for six or seven years. He slept in

a room on the first floor. Upon the trial, he so testified as a witness for appellant. However, Tuttle had an office in part of the first floor where he dealt in used automobiles, tires, parts, furs, and various kinds of junk. Articles in which Tuttle dealt were stored in the yard, and tires, parts, accessories, and metals were kept in a portion of the downstairs of the house.

Code section 12991.1, which appellant was charged with violating, provides:

"Any person who willfully and maliciously sets fire to * * * any dwelling house, kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, the property of himself or of another, shall be guilty of arson, and upon conviction thereof, be sentenced to the penitentiary for not more than twenty years."

The following section, 12991.2, provides:

"Any person who willfully and maliciously sets fire or burns * * * any barn, stable or other building, * * * not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building, * * * shall, upon conviction thereof, be sentenced to the penitentiary for not more than ten years."

Appellant argues that the jury could have found the building in question was not a dwelling house but was a "shop, * * * warehouse, * * * or other building," within the meaning of 12991.2, and that the crime therein described should have been submitted to the jury as an offense necessarily included within that charged in the information, pursuant to Code section 13920.

At common law, arson was the willful and malicious burning of a dwelling house or outhouse appurtenant thereto, of another. State v. Gates, 197 Iowa 777, 778, 197 N. W. 908; State v. Madden, 170 Iowa 230, 234, 148 N. W. 995; 6 C. J. S. 718, section 1; id., 724, section 6a; 4 Am. Jur. 92, section 13. The above-quoted statutes were enacted in 1927 as chapter 235, Acts of the Forty-second General Assembly, which repealed sections 12984 to 12991 of the Code of 1924. The present section 12991.1 adopts, at least substantially, the common-law definition of arson, enlarging it, however, to include a dwelling or outhouse of the accused.

None of the repealed sections which dealt with criminal burnings use the term "arson." And 12991.1 is the only section of the present law which attempts to define "arson." The buildings referred to by 12991.1 are a dwelling or other building that is a parcel thereof. The buildings to which 12991.2 refers are those not a parcel or within the curtilage of a dwelling house. We think 12991.1 and 12991.2 define two separate and distinct crimes and that the crime defined by 12991.2 is not necessarily included within that defined by 12991.1 which appellant was charged with having violated.

The only offenses required by Code section 13920 to be submitted are those necessarily included within the offense charged. State v. Brown, 216 Iowa 538, 540, 245 N. W. 306, and cases cited.

It is well settled that a part of a dwelling may be used for another purpose, as in the present case, without changing its character as a dwelling. State v. Gates, 197 Iowa 777, 778, 197 N. W. 908; 4 Am. Jur. 93, section 14; 6 C. J. S. 724, section 6a. The court instructed the jury to that effect and appellant makes no complaint of the instruction (No. 6). In view of the undisputed evidence that the building in question was the dwelling of Tuttle, even if it were assumed that section 12991.2 defines an included offense, the court was justified in not submitting it to the jury. It is not error not to submit an included offense where the evidence shows the defendant guilty of the offense charged if guilty at all. State v. Bazoukas, 226 Iowa 1385, 1390, 286 N. W. 458; State v. Crutcher, 231 Iowa 418, 421, 1 N. W. 2d 195, 197, and cases cited; 23 C. J. S. 864, 865, section 1288c.

We conclude, therefore, that this assignment of error is without merit because the crime charged in section 12991.2 is not included within that charged in the information and also because it appears without dispute that the building in question was the dwelling of E. V. Tuttle. As bearing on this question, see State v. Johnson, 221 Iowa 8, 12, 264 N. W. 596, 267 N. W. 91, and cases cited.

III. Appellant's remaining claim to a reversal is that the direct evidence of guilt is unbelievable and that the verdict is against the clear weight of the evidence. Since the abstract has

been stricken, appellant is not entitled to have this contention considered. However, upon our own motion and without setting a precedent, we have examined the transcript of the testimony, which has been certified to us. Such examination reveals that this contention cannot be sustained. We will briefly outline the principal testimony which tends to support the verdict.

Appellant was forty-one and lived about two blocks from the Tuttle house. Tuttle was fifty-one. His wife and child lived in a town not far distant. Appellant and Tuttle had been friends and companions for many years. The fire occurred about 6 p. m. on Sunday, September 7, 1941. About 4 p. m. Tuttle went to appellant's home. A close neighbor testified that about 5 o'clock she heard them quarreling. Appellant's face was bruised. Appellant testified, however, the bruises came from a fall on the cellar steps. Tuttle then left. Within an hour thereafter this neighbor saw appellant leave her house, go to the Tuttle home and return some fifteen to twenty minutes later.

A nineteen-year-old farm boy, who was in position to see, testified he saw appellant approach the Tuttle home; "she had a kind of a mad look on her face and it was discolored; * * * we thought something was up so we started to watch her"; she went to a rear corner of the house, opened a window, reached in, started the fire, watched it a moment and then left. Aside from this youth and appellant's neighbor, five other witnesses saw appellant at or near the Tuttle house at that time. Appellant herself admitted she was there but said she went to look for Tuttle. A witness who lived across the street from Tuttle said he saw appellant walk away along the railroad track, looking back at the fire as she proceeded toward her home. "She looked as though she could be excited." Another witness testified she saw appellant walk away from the Tuttle house looking back toward it quite frequently.

There is evidence of flight. The case was assigned for trial at a previous term, but appellant was not to be found. Her bond was forfeited. She was later found in Mason City living under an assumed name. Before going to Mason City she had been in Illinois but left there because living was too high and she was seen by someone who knew her. Appellant made no denial or explanation of the evidence of flight.

Appellant argues that it is unbelievable that she would set fire to this building in daylight on a Sunday afternoon and that there are inconsistencies in the testimony of the State's witnesses. Evidence of the boy is sought to be discredited by testimony of Tuttle and appellant that he offered to keep still if they would pay him for his silence. The boy denied such testimony. It is apparent that appellant's guilt depends upon the credibility of the witnesses, which was for the jury. Its conclusion is binding upon us unless without substantial evidentiary support or clearly against the weight of the evidence. State v. Traas, 230 Iowa 826, 830, 831, 298 N. W. 862, 865, and cases cited; State v. Crandall, 227 Iowa 311, 318, 288 N. W. 85, and cases cited. The trial court approved the verdict against the claim here made and we are not justified in interfering.—Affirmed.

WENNERSTRUM, C. J., and STIGER, BLISS, OLIVER, HALE, and MILLER, JJ., concur.

SAGER, J., concurs in result.