### COMMONWEALTH *vs.* JAMES E. TAYLOR.

Evidence that J. S., by falsely pretending to a dealer in machines that he was authorized by persons in another state, whom he named, (but who were fictitious persons,) to give orders in their behalf for the purchase of such machines to be sent to them there by a common carrier, induced the dealer to deliver machines to the carrier addressed as ordered, and intended to receive them himself, and did so receive them, will sustain an indictment against him for obtaining the machines by false pretences in the county where he made the pretences and the machines were delivered to the carrier.

INDICTMENT on the Gen. Sts. *c.* 161, § 54, for obtaining two mowing machines at Millbury in this county, by false pretences.

At the trial in the superior court, *Dewey*, J., refused a request of the defendant for a ruling that the evidence would not sustain the indictment. The jury found the defendant guilty, and he alleged exceptions. The case is stated in the opinion.

*G. F. Verry*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. The defendant contends that the evidence in the case is not sufficient in law to prove that the offence was completed in the county of Worcester. He admits that the false pretences were made there, but contends that the goods were not obtained there.

On that point, the evidence tended to prove that he there represented to the owners of the machines that he was authorized by several persons, named by him, to give orders in their behalf for the purchase of the machines, to be sent to them severally by railroad at different places in Vermont. The machines were sent accordingly; but there were no such persons; and he received the goods himself, as he had intended to do.

If there had been such persons as he named, and the machines had been sent to them, there might have been good reason to hold that the goods were not delivered to him in this county. But as in fact these names, being fictitious, represented only himself, and as the goods were really sent to him and received by him, he was the real consignee. The well established doctrine, that delivery to the carrier is a delivery to the consignee, must apply to this case, and thus the offence was completed in this county.

*Exceptions overruled.*