## EQUALIZATION BOARD V. LAND OWNERS.

1.  TAXES: *Assessor's return: Injunction.*
    The failure of a county assessor to append to his return of real property assessed, an affidavit in the form prescribed by the statute, is no ground for enjoining the clerk of the county court from extending the assessment on the tax books. *Moore v. Turner*, 43 Ark., 243.

2.  SAME: *Equalization of assessments: Notice of raised valuation.*
    The jurisdiction of the county board of equalization, to raise the assessor's valuation of property, is not affected by their failure to give the notice required by section 52 of the act of 1887, which provides that when the board shall raise the valuation of any property, they shall give notice thereof to the owner "by postal card or otherwise through the mails;" and it is error to enjoin the clerk because of such failure, from extending the board's valuation on the tax books.

APPEAL from *Ashley* Circuit Court.

C. D. WOOD, Judge.

This suit was brought by certain tax payers of Ashley county to restrain the county clerk from extending upon the tax books of that county for the year 1887 an increased or "raised" valuation of their lands made by the county board of equalization.   After the action was commenced all the other land owners of the county were made parties plaintiff and the board were made defendants.   The complaint states: That the assessor appraised the plaintiffs' lands at their true market value; that the board of equalization proceeded to raise the assessor's valuation and gave to the plaintiffs no notice

of such increase in value, by postal card or otherwise through the mails, as provided by statute; and that the clerk was about to extend the increased valuation on the tax books. The complaint, as amended, also alleged that the assessor failed to affix to his assessment the affidavit required by the statute. The answer admits that the statutory notice was not given, but alleges that '' timely notice was given by personal communication and by publication in a newspaper published in the township;'' that none of the plaintiffs were aggrieved by want of sufficient notice, and that four of the original plaintiffs had appealed from the action of the board to the county court where, upon a hearing of the appeal, the valuation of the board was sustained. The answer also alleged that the board had only raised the valuation of the land to its actual value. A demurrer to the complaint was overruled and a demurrer to the answer sustained. The court having found that the board raised the valuation of plaintiffs' lands and neglected to give notice thereof as required by sec. 52 of the act of March 28, 1887, decreed that the extension of the board's valuation on the tax books should be perpetually enjoined. The board appealed. Section 52 of the act referred to provides that the board of equalization, '' where it raises the valuation of any property, personal or real, shall give to the owners of the property so raised in valuation or their agents, notice by postal card or otherwise through the mails, of such increase in value, stating the valuation as returned by the assessor and the valuation as fixed by the board,'' and advising such owners that they may appear before the county court and show cause '' why the valuation of their property should not have been raised.'' Acts 1887, pp. 172, 173. Section 31 of the same act (p. 163) provides that the assessor shall append to

Equalization Board v. Land Owners.

his return of the assessment of real estate an affidavit that the foregoing is correct, and that he has "appraised each tract or lot of land * * * at its true value in money, and not at what it would bring at auction or at a forced sale." The affidavit of the assessor referred to in the complaint in this case was that "the foregoing is correct," and he had appraised "each tract * * * at its true value as it was rendered to" him "*under oath* by the tax payers, owners, agents and all other sources of information that" he "had been able to ascertain."

*W. E. Atkinson*, Attorney General, and *T. D. Crawford*, for appellant.

1. Failure to give notice as required by statute does not invalidate the proceedings of the board. 49 Ark., 518; 43 Wis., 620; 42 Id., 502; 42 Ark., 563; 41 Id., 531; Acts 1887, sec. 52; 76 Ill., 201.

2. The remedy was by appeal to the county court. Injunction was not the remedy. 49 Ark., 518; High on Inj., secs. 486-7.

3. A plain remedy is also pointed out by secs. 5857-8, Mansf. Dig.

*G. W. Norman*, for appellees.

1. No notice having been given, the increase of valuation by the board was *void*. Mansf. Dig., sec. 5201; Acts 1887, p. 172, etc., sec. 52, etc. Equity will restrain the execution of void judgments. Mansf. Dig., p. 770, sec. 3731; 33 Ark., 633. It is the only forum for land owners having *no notice* to get relief. 30 Ark., 279, 284-5; Ib. 594; 33 Ib., 778; 30 Ib., 609.

PER CURIAM.

It was not a ground for injunction that the assessor had

failed to append the proper oath to his return. *Moore v. Turner*, 43 Ark., 243.

The failure to give the notice required by section 52 of the act of 1887, does not affect the jurisdiction of the board of equalization. Pulaski County Equalization Cases, 49 Ark., 518; *Howard v. State*, 47 Ib., 431.

Reverse the decree and dismiss the bill.