STATE OF IOWA, Appellee, v. RALPH GIBSON, Appellant.

**False pretense.** Depositing fraudulent applications for insurance in the mails, where procured, to be forwarded and acted upon in another county, so far as the criminal aspect of the case is concerned, is a false pretense in the latter county.

**Same: JURISDICTION.** Whatever may be the rule as to venue where the acts constituting a criminal offense are committed in two or more counties, under Code, Section 5157, jurisdiction thereof is in either county.

**Indictment: PROOF: VARIANCE.** On a prosecution for cheating by false pretenses, proof that defendant obtained a bank check which he subsequently cashed, is not a variance from an allegation that he obtained money.

**Evidence:** OTHER LIKE OFFENSES. Proof of other like false pretenses made at about the time of the alleged offense are admissible on the question of defendant's intent.

**Indictment:** AMOUNT OBTAINED: VARIANCE. That the amount of the money actually obtained is not the same as charged in an indictment for cheating by false pretenses is not material.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

TUESDAY, MARCH 6, 1906.

REHEARING DENIED, THURSDAY, OCTOBER 25, 1906.

DEFENDANT was indicted, tried, and convicted of the crime of cheating by false pretenses, and from the judgment imposed appeals.— *Affirmed.*

*John Newburn,* for appellant.

*Charles W. Mullan, Attorney General, Lawrence De Graff, Assistant Attorney General,* and *Jesse A. Miller, County Attorney,* for the State.

DEEMER, J.— The indictment charges in substance that defendant, with another, by false statements, pretenses, and representations, obtained from the Des Moines Mutual Hail Insurance Association, of Des Moines, Iowa, the sum of $24.80 in lawful money of the United States. The testimony shows that defendant was acting as agent for the insurance association in soliciting and forwarding applications for insurance; that he forwarded pretended applications by mail from Chickasaw county, Iowa, to the insurance association at Des Moines. Pursuant to defendant's request, the insurance association mailed a check for $24.80 to him, drawn upon a bank in Des Moines, Iowa, as his commission for securing applications for insurance. This check was received by defendant in Chickasaw county, indorsed

by him, and cashed by a .bank at New Hampton in said county. Through the agency of this latter bank the check finally reached Des Moines, was there honored by the bank upon which it was drawn, and the amount thereof charged against the account of the insurance association.

It is contended in argument that the defendant did not receive the money in Des Moines, or Polk county, but in Chickasaw county, and that the district court of Polk county

1. FALSE PRETENSE. had no jurisdiction of the offense. Under the evidence there can be no doubt that the defendant made the false pretenses with which he is charged in Polk county, Iowa; for the applications were there received and acted upon by the insurance association. Placing the same in the mail to be forwarded to the insurance company was not, so far as the criminal aspect of the case is concerned, a false pretense in the county where the applications were prepared or received by the defendant. *State v. House,* 55 Iowa, 466.

But it is stoutly insisted that the money was procured in Chickasaw county and not in Polk, where Des Moines is situated. We have a statute (Code, section 5157) which

2. SAME: jurisdiction. provides that when a public offense is committed partly in one county and partly in another, or when the acts or effects constituting or requisite to the offense occur in two or more counties, jurisdiction thereof is in either county. This would seem to settle the question now being considered. *Com. v. Goldstein,* 3 Pa. Co. Ct. R. 121; *Norris v. State,* 25 Ohio St. 217 (18 Am. Rep. 291); *State v. Lichliter,* 95 Mo. 402 (8 S. W. 720); *Com. v. Taylor,* 105 Mass. 172; *Reg. v. Leach,* 7 Cox, C. C. 100; *People v. Dimick,* 107 N. Y. 33 (14 N. E. 178); *Reg. v. Jones,* 162 Cox, C. C. 198. Aside from statute there may be some doubt as to the venue of the offense under such a state of facts as is here disclosed. See *Roberts v. People,* 9 Colo. 458, 13 Pac. 630; *State v. Palmer,* 40 Kan. Sup. 474 (20 Pac. 270); *Burton v. U. S.,* 25 Sup. Ct. 243 (49 L.

Ed. 482); *State v. Schaeffer,* 89 Mo. 271 (1 S. W. 293); *Connor v. State,* 29 Fla. 455, (10 South. 891, 30 Am. St. Rep. 126); *Graham v. People,* 181 Ill. 477 (55 N. E. 179, 47 L. R. A. 731); *U. S. v. Plympton,* 4 Cranch, C. C. 309, (Fed. Cas. No. 16,058); *Bates v. State,* 124 Wis., 612 (103 N. W. 251). *Com. v. Wood,* 142 Mass. 459 (8 N. E. 432). Without deciding this question, which we regard largely a moot one, it is enough to say that our statute was borrowed from New York, and under the decisions in that State construing this statute the district court of Polk county had jurisdiction. See People v. Dimick, *supra.*

II.   Again, it is argued that there is a variance between the allegations and proof, in this: that defendant is charged with having received money, whereas the proof

3. INDICTMENT:   shows that he received a check.   There is also
   proof:
   variance.   some conflict in the adjudicated cases upon

this proposition; but we think the better rule is that, under such circumstances as we have here, the defendant should be held to have received money from the insurance association, at the place where the check was cashed by the bank upon which it was drawn, the intermediate bank which took it up or advanced defendant the money thereon being defendant's agent to forward the same and to receive the money thereon for the defendant, and that the final payment by the bank upon which it was drawn, was a payment to the defendant. State v. Palmer, and Com. v. Wood, *supra.* See, also, People v. Dimick, *supra.* But, however this may be, there was no variance under any of the cases to which our attention has been called, for the reason that defendant did in fact receive money from the plaintiff; the check simply being an instrument through which the money was received. This may not be the rule as to foreign bills of exchange or other papers to which the law merchant is fully applicable; but as to checks, which are ordinarily nothing more than equitable assignments of a fund, this seems to be the more logical view. See *Roberts v. Corbin,* 26 Iowa, 327.

Such a case should also be distinguished from one where nothing but credit entries are obtained by the holder of the instrument. The venue was properly laid, and there was no variance. See, as further supporting these conclusions, *Pruitt v. State,* 51 Ark. 516 (11 S. W. 822); *State v. Terry,* 109 Mo. 601 (19 S. W. 206); *Tarbox v. State,* 38. Ohio St. 581; *State v. Dennis,* 80 Mo. 589; *Skiff v. People,* 2 Parker, Cr. R. (N. Y.) 139.

III.    The State was permitted to prove other false pretenses of like kind made by defendant to plaintiff at or

**4. EVIDENCE: other like offenses.**    about the time the present offense was committed. This testimony was admissible . as bearing upon defendant's evil motive and intent.

IV.    Again, it is argued that the conviction is erroneous for the reason that defendant is charged with having received the sum of $24.80 upon a particular false applica-

**5. INDICTMENT: amount obtained: variance.**    tion for insurance, while the evidence shows that he received but $12 thereon. As the amount of money received is not material, there is no merit in this contention.

V.    There is ample testimony to support the verdict; and, as no prejudicial error appears, the judgment must be, and it is, *affirmed.*