STATE OF IOWA v. JAMES K. SPAREGROVE, Appellant.

Infants: EXPOSURE: WHO LIABLE. One to whom an infant is confided by its parent for the purpose of exposure is within the contemplation of Code, section 4766, making it a crime to expose a child under six years of age with intent to abandon it; and the question of whether the child was so confided is one of fact for the jury.

Intoxication as defense to crime: BURDEN OF PROOF. A defendant cannot be convicted of a crime when at the time of its commission he was so under the influence of liquor as to be incapable of forming a criminal intent, but he has the burden of establishing such intoxication.

Instructions: UNCONTROVERTED FACTS: PREJUDICE. Where the jury is told that defendant is indicted for exposing a child under six years of age and is given the substance of the statute, prejudice cannot be predicated on a failure to specifically call attention to the age of the child, especially where no question as to its age was raised upon the trial.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

TUESDAY, JUNE 4, 1907.

THE defendant was tried and convicted of the crime of exposing a child, and he appeals.— *Affirmed.*

*Tom H. Milner,* for .appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

SHERWIN, J.— The facts necessary to a proper understanding of this case and the legal question involved herein are substantially as follows: The father and mother of an illegitimate child left the home of the girl's parents between seven and eight o'clock on the evening of June 14th, taking the baby, then about two weeks old, with them. By previous arrangement, the defendant, driving another rig, met these parties about eleven o'clock p. m. the same night between Marengo and North River Bridge, and the box containing the baby and some of its wearing apparel was transferred from the buggy in which it had been taken to that point, to the conveyance which was occupied by the defendant, and which he was driving. The parents of the baby continued on to the town of Marengo in their conveyance, and the defendant with his conveyance and the box and the baby also went to Marengo. There the father of the baby joined the defendant, and together they drove to Williamsburg, where the defendant deposited the box and the baby on the porch of the residence of Mrs. Mary Brannan, where the baby was found at about ten o'clock the next morning. The evidence tends to show that before reaching Mrs. Brannan's home, where the baby was left, the father gave it the nursing bottle containing milk, but that the defendant took it from the carriage, carried it to the porch of Mrs. Brannan's house, and left it there.

Code, section 4766, provides as follows: "If the

father or mother of any child under the age of 6 years, or
any person to whom such child has been intrusted or con-
fided, expose such child in any highway, street,
field, house or outhouse, or in any other place
with intent wholly to abandon it, he or she,
upon conviction thereof, shall be imprisoned in the peniten-
tiary not exceeding 5 years." The appellant contends that
the facts in this case do not bring it within the intendment of
this section of the statute, basing his contention upon the
proposition that the "intrusting or confiding" named in the
statute must be for a lawful purpose, and that a person who
is intrusted with the care of such an infant for the purpose
only of abandonment as therein defined cannot be convicted
under the statute. We are wholly unable to agree with
this contention. The statute nowhere defines the meaning
that shall be given to the words "intrusted or confided" as
they are therein used, and our search of the authorities inde-
pendently or with the aid of the briefs of counsel has af-
forded us no light in placing a construction thereon. There
can, however, be no question as to the intent of the Legisla-
ture in enacting the statute in question. It is manifest that
it was intended to cover just such transactions as the one
in question. If it were to be held that the custody of such
a child must be for a lawful purpose, it would afford an
easy way for the parents of such children to abandon them
without necessarily becoming implicated in the crime them-
selves. The defendant in this case was, in a sense, intrusted
with this little baby. He undertook, as the record fairly
shows, to take charge of it and care for it until he could de-
posit it at a place where he might presume at least that it
would be discovered, and we think there is nothing in the
statute, either in its language or in its spirit, which would
justify the construction thereof contended for by the ap-
pellant.

It may further be said that the question whether the
child was intrusted or confided to the defendant is a ques-

1. INFANTS:
   exposure:
   who liable.

tion of fact and not of law, and that, being the former, it was properly left to the determination of the jury. It is true that the father of the child accompanied the defendant from Marengo to the place where the baby was finally left, but we think this fact cannot change the situation of the defendant. The baby was in his custody from the time it was transferred to his buggy between Marengo and North River bridge until he finally left it where he did, or, at least, the jury may have so found under the evidence; and, this being true, he is guilty of the charge made in the indictment.

The defendant introduced evidence tending to show that he was intoxicated at the time of the transaction in question, and the court in its instructions fully covered this phase of the case by telling the jury that

2. INTOXICATION AS A DEFENSE TO CRIME: burden of proof.

there could be no conviction if it was found that the defendant was so much under the influence of liquor that he was incapable of forming a criminal intent, and, further, that the burden of proof was upon the defendant to show that he was so intoxicated as to be incapable of forming such intent. No just criticism can be made of this instruction. It followed the established rule in this State. *State v. Yates,* 132 Iowa, 475.

The appellant also complains because the instructions did not specifically call the attention of the jury to the age of the child, but we are of the opinion that it was not necessary in view of the record in this case. The

3. INSTRUCTIONS: uncontroverted facts: prejudice.

court in one of its instructions told the jury that the defendant was indicted for exposing a child under the age of six years, and he then gave to the jury the substance of the statute under which the indictment was found. He further said that, in order to convict, the State must establish " beyond a reasonable doubt that the child which is alleged to have been exposed in this case " was intrusted or confided to his care, and " that he

exposed said child with intent wholly to abandon it." There was no question in the case as to the child's age when it was abandoned, and we are unable to see how any possible prejudice could have resulted to the defendant because the court did not specifically instruct that the jury must find that it was under the age of six years. Had such question been submitted to the jury, but one finding could have been made, and, in view of the instruction which we have already quoted, there can be no question that the jury understood that, before a conviction could be had, it must be found that the age of the child was within the limit fixed by the statute.

We have given the record in this case careful examination, and are unable to discover any error for which there should be a reversal. The judgment is therefore *affirmed.*