STATE OF IOWA, Appellee, v. IRA CHUMLEY, Appellant.

No. 45182.

580

November 19, 1940.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and Burr C. Towne, County Attorney, for appellee.

McCoy & Beecher, for appellant.

MILLER, J.—Appellant was charged by a county attorney's information, which asserted as follows:

"The said Ira Chumley, on or about the 10th day of May, A. D. 1938, in the County of Black Hawk and State of Iowa, did with intent to pass title to a 1935 Ford V-8 Two-door Motor Vehicle stolen from Allen Wichman, and knowing or having reason to believe the same had been stolen, did receive and did transfer possession of the same to one Roberta Worley."

In appellant's brief and argument, the statement of facts

concisely presents the disputed question of fact for our determination by the following language:

"On or about the 10th to the 15th day of October, 1935, one Allen Wichman of Hadar, Nebraska, purchased a 1935 Ford automobile V-8 coach, gunmetal color. Mr. Wichman operated a dairy route in Hadar, Nebraska, and used the Ford automobile in his business as a dairy-man. About two o'clock A. M. on December 26, 1935, Mr. Wichman drove his Ford into his garage at his home in Hadar, Nebraska, did not lock the car, left his keys in the automobile, left the garage door open and retired for the remainder of the night. * * *

"Sometime between four o'clock and five o'clock on the morning of December 26, 1935, one Cecil Paulsen, a self-confessed thief of much experience and with a long criminal record, stole the Wichman car from the garage at the Wichman home in Hadar, Nebraka, where it had been placed in the early morning by Mr. Wichman, and drove the car to Waterloo, Iowa. * * *

"The record is undisputed that the automobile transferred to Roberta Worley was not the same car in its parts that was stolen from Allen Wichman at Hadar, Nebraska, in that the horn, the bell housing and the wheels on the car transferred to Roberta Worley were not the horn, bell housing and wheels that were on the car stolen from Allen Wichman at Hadar, Nebraska. The evidence shows that the bell housing on the car transferred to Roberta Worley was the bell housing that was on the Nine car sold to the Chumley Auto Market by Ted McGreevey of Des Moines. The evidence did not disclose where the wheels and the horn that were on the car transferred to Roberta Worley came from but it was admitted that the wheels and horn on the car transferred to Roberta Worley were not the wheels and horn that were on the car stolen from Allen Wichman."

There was evidence from which the jury was warranted in believing that the appellant knew or had reason to believe that the car in its original condition had been stolen from Allen Wichman. The gist of appellant's contention in reference to the facts in this case is limited to the proposition that, because

certain parts had been changed, including the horn, bell housing and wheels, the identity of the automobile, as a motor vehicle, had been destroyed and, therefore, the car which was transferred by appellant to Roberta Worley was not the car that had been stolen from Allen Wichman.

Appellant made a motion for a directed verdict, which was overruled. The principal basis for the motion was the assertion above referred to, namely, that, because of the substitution of parts, the car which appellant transferred was not the same car that had been stolen. Appellant also requested two instructions, identified as requested instructions Nos. 1 and 2, whereby he sought to require the court to charge the jury that the State had the burden of proving that the automobile, stolen from Allen Wichman, was transferred in its entirety to Roberta Worley and that, if only a part of such automobile was transferred, appellant would be entitled to an acquittal. The court refused these instructions and gave instruction No. 4 as follows:.

"You are instructed that the burden is upon the State to establish beyond a reasonable doubt that the automobile claimed by the State to have been transferred by the defendant to Roberta Morley is the identical vehicle that was stolen from Allan Wichman.

"You are further instructed that if you find that certain parts have been removed from or added to the automobile transferred to Roberta Worley this would not alone render it incapable of identification. And you are instructed that if the State has established beyond a reasonable doubt that the automobile stolen from Allan Wichman was later transferred to Roberta Worley, and at the time of such transfer the State has established that such changes as had been made on the Allan Wichman car did not render it incapable of identification as the car stolen from Allan Wichman and that the automobile transferred to Roberta Worley was substantially the car stolen from Allan Wichman, then the State has made a sufficient identification of the automobile as the identical car taken from Allan Wichman."

■ I. Appellant's first proposition challenges the correctness of the ruling on the motion for directed verdict, the refusal to give requested instructions Nos. 1 and 2 and the giv-

ing of instruction No. 4. We find no merit in appellant's contention.

The statutes applicable herein are sections 109 and 110 of chapter 134 of the Acts of the Forty-seventh General Assembly, which have been published as sections 5006.06 and 5006.07 of the Code, 1939. They provide as follows:

"5006.06 Receiving or transferring stolen vehicle. Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives, or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony and shall be punished as provided in section 5036.02."

"5006.07 Injuring or tampering with vehicle. Any person who either individually or in association with one or more other persons wilfully injures or tampers with any vehicle or breaks or removes any part or parts of or from a vehicle without the consent of the owner is guilty of a misdemeanor punishable as provided in section 5036.01."

The statutes above quoted supersede section 5092 of the Code, 1935, which read as follows:

"5092. Disposal of stolen vehicle. Any person who shall receive, conceal, store, barter, sell, or dispose of any motor vehicle or any part thereof knowing or having reason to believe it has been stolen, shall be punished by imprisonment in the penitentiary not more than ten years or by fine of not more than one thousand dollars, or by both such fine and imprisonment."

The definition of a motor vehicle is contained in section 1 of chapter 134, Acts of the Forty-seventh General Assembly, which now appears as paragraph 2 of section 5000.01 of the Code, 1939.

Appellant contends that, when the legislature repealed section 5092 of the Code, 1935, and adopted in lieu thereof section 5006.06 of the Code, 1939, it eliminated the words fol-

lowing motor vehicle "or any part thereof" thereby intending that, for one to be guilty under that section, the automobile transferred had to be the same automobile in its entirety before the offense could be said to have been committed. Appellant also contends that, under the definition of a motor vehicle contained in paragraph No. 2 of section 5000.01 of the Code, 1939, when a part is removed from a stolen automobile, which makes it incapable of being self-propelled, such as the removal of a wheel, it ceases to be a motor vehicle and becomes only a part of one and, therefore, when a different wheel is substituted for one that has been removed and the vehicle as thus tampered with is transferred, the transfer is in reference to a part of the stolen vehicle and not a transfer of the vehicle itself.

In other words, it is the contention of appellant that we, in interpreting the statute, must attribute to the legislature an intention to permit one, who undertakes to transfer a stolen motor vehicle, to avoid the penalty of being guilty of a felony by changing a wheel on the car. By that act he then can be guilty only of a misdemeanor under appellant's contention. In view of the fact that it is common knowledge that parts are often substituted on stolen cars before they are transferred, primarily to make it difficult to identify them, we are unwilling to attribute any such intention to the legislature and are abidingly convinced that we have neither the license nor authority, even were we willing, to so emasculate this legislation through the guise of interpretation. We are satisfied that the court's instruction No. 4 gave to appellant everything to which he was reasonably entitled under the record herein. Accordingly, we find no merit in the contention that the court erred in over-ruling the motion for directed verdict, refusing requested instructions Nos. 1 and 2 and in giving instruction No. 4. There was no error in these particulars.

II. Appellant's second proposition asserts that there is a fatal variance between the allegations of the information and the proof. The basis for this assertion is the same contention disposed of in division No. I of this opinion. For the reasons there stated, we find no merit in appellant's contention.

■ III. Appellant's third proposition challenges the court's instruction No. 3 wherein the court stated, as follows:

"Before you can find the defendant guilty of the crime charged in the Information the State must establish by the evidence and beyond a reasonable doubt:

"First: That the defendant intended to pass title to the 1935 Ford V-8 Tudor motor vehicle to Roberta Worley.

"Second: That at the time of the transfer of the motor vehicle referred to in Paragraph Number 1 the defendant knew or had reason to believe that the motor vehicle so described had been stoled from one Allan Wichman.

"Third: That the transfer of the 1935 Ford V-8 Tudor motor vehicle described in Paragraph Number 1 was trans-ferred by the defendant with knowledge of the fact that it had been transferred at or about the time set forth in the Information.

"If you find that the State has established by a prepon-derance of the evidence and beyond a reasonable doubt each of the above propositions you should find the defendant guilty.

"If the State has failed to establish each of such proposi-tions you should find the defendant not guilty."

Appellant contends that by this instruction the court un-dertook to gather together the elements of the crime and com-mitted reversible error in failing to instruct the jury that they must find that the motor vehicle was in fact stolen from Allen Wichman, relying upon our decision in State v. Sipes, 202 Iowa 173, 209 N. W. 458, 47 A. L. R. 407. We find no merit in this contention.

The gist of appellant's contention is that the jury might, under the second paragraph of the above instruction, find that appellant transferred a motor vehicle which he had reason to believe was stolen, when in fact it was not stolen. For there to be any merit in this contention, it would be indispensable that there be some issue on the question whether or not the car was in fact stolen from Allen Wichman. Section 14010 of the Code, 1939, requires us to examine the record "without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as

the law demands." Since there was in fact no dispute about the automobile having been in fact stolen from Allen Wichman, appellant's contention is purely technical and does not affect the substantial rights of the parties. The sole question is whether the record was such that the court was warranted in assuming that it was undisputed that the car was stolen from Allen Wichman.

As heretofore pointed out, the information charged that the vehicle was stolen from Allen Wichman. The first paragraph of the court's instructions quotes the language of the information heretofore quoted by us. The jury was, therefore, advised that the State claimed that the motor vehicle was stolen from Allen Wichman. Also, in the first paragraph of instruction No. 4, hereinbefore quoted, the court specifically advised the jury that the vehicle "was stolen from Allen Wichman". We have heretofore quoted from appellant's statement of facts wherein appellant asserts to this court as a fact that the motor vehicle was stolen from Allen Wichman. Appellant supports this assertion with reference to the abstract where the testimony appears, establishing without question that the motor vehicle was stolen from Allen Wichman. Nowhere did appellant challenge this fact. The theory at the trial was that a motor vehicle had been stolen from Allen Wichman. The only issue was whether or not the motor vehicle that was transferred to Roberta Worley was the same motor vehicle that was stolen from Allen Wichman. In view of the record made in this case, we find no merit in appellant's contention.

In the case of State v. Archer, 73 Iowa 320, 321, 35 N. W. 241, 242, we state:

"It is not denied that the defendant took the life of George Woods by shooting him with a shot-gun. We say this fact is not denied. It is true, the defendant pleaded not guilty, and it was necessary for the state to prove the homicide as charged. But the tragedy took place in the presence of several witnesses, and the defendant was a witness in his own behalf, and all concurred in the statement that the defendant killed Woods. The court instructed the jury that the killing was conceded. Counsel for the defendant claim that this instruction was erroneous. We think otherwise. The whole record shows that there was no contest

nor dispute as to the fact of the killing, and it is always proper for the court to instruct the jury as to the effect of every fact about which there is no controversy.''

In the case of State v. Huff, 76 Iowa 200, 203, 40 N. W. 720, 722, we state:

''Complaint is made because the court, in its charge to the jury, used the following language: 'The testimony shows that the defendant, from time to time, prior to the finding of the indictment herein, sold at his place of business in this county intoxicating liquors, such as whisky and alcohol.' It is said this was erroneous, because it was for the jury to determine whether the sales were made. The language complained of was perfectly proper, in view of the evidence in the case. Courts ought to be conducted with reference not only to the rules of law, but of common sense. They are supposed to be counterparts. In view of the fact that the defendant was authorized by law to sell intoxicants for the actual necessities of medicine, and the undisputed evidence that he had made sales, it would have been farcical for the court to solemnly charge the jury to inquire and determine whether sales were actually made.''

In State v. Cunningham, 111 Iowa 233, 243, 82 N. W. 775, 778, we state:

''The court instructed the jury that the intention was to charge in the indictment the killing of the infant child of Ida Hepp. Objection is made that the court had no right to assume this fact. It may well be that it was for the jury to say whether the nameless infant was the person whom defendant was charged with killing, but there was no conflict here, and no room for doubt. The evidence was irresistible that this was the fact. No prejudice resulted to defendant from the instruction. It is not prejudicial error for the court to assume a fact about which there is no dispute. State v. Huff, 76 Iowa, 203.''

In State v. Evans, 122 Iowa 174, 178, 97 N. W. 1008, 1009, we state:

''Complaint is made of the sixteenth instruction because, as is contended, it assumed that defendant shot at Reasby. The

record is conclusive that he so did. True, defendant says that he did not intend to kill him or any one else, but he does admit the shooting, and the shot took effect in the constable's arm. He must, then, have shot at him."

In State v. Mitchell, 130 Iowa 697, 701, 107 N. W. 804, 806, we state:

"In one of its instructions the trial court used this language, of which complaint is made: 'You are instructed that, if you are not satisfied by the evidence beyond a reasonable doubt that the defendant was not acting in self-defense when he killed John Parker, you should acquit him.' The criticism is that the court assumed it to be an established fact that the defendant killed Parker. It was an established fact, established by the defendant's own word, and hence it was not error so to treat it. State v. Bone, 114 Iowa, 537."

In State v. Sparegrove, 134 Iowa 599, 602, 112 N. W. 83, 84, we state:

"The appellant also complains because the instructions did not specifically call the attention of the jury to the age of the child, but we are of the opinion that it was not necessary in view of the record in this case. * * * There was no question in the case as to the child's age when it was abandoned, and we are unable to see how any possible prejudice could have resulted to the defendant because the court did not specifically instruct that the jury must find that it was under the age of six years."

In the case of State v. Graves, 192 Iowa 623, 625, 185 N. W. 78, 79, we state:

"We have held in several cases that it is not error, even in a criminal case, to assume and treat as true a particular evidential fact which both parties admit to be true, and as to which there is no dispute. State v. Archer, 73 Iowa 320; State v. Anderson, 154 Iowa 701, 704; State v. McKnight, 119 Iowa 79; State v. Mitchell, 130 Iowa 697, 701; State v. Evans, 122 Iowa 174; State v. Cunningham, 111 Iowa 233, 244; State v. Wilson, 166 Iowa 309, 326."

Other authorities might be cited. In view of the foregoing pronouncements of this court, as applied to the record herein, we do not deem it necessary. We are satisfied that the appellant's third proposition is without merit.

■ IV. Appellant's fourth proposition asserts that paragraph "Third" in instruction No. 3 is incapable of being understood and does not set out any element of the crime charged. This paragraph is quite meaningless. However, we are unable to see wherein it is prejudicial to the appellant. Considering the instructions as a whole and considering the other elements of instruction No. 3 as interpreted by division No. III of this opinion, we are disposed to the view and hold that such error as the court may have committed in the giving of paragraph "Third" of instruction No. 3 was not prejudicial and would not warrant a reversal herein.

V. Appellant's fifth proposition is that the court erred in giving instruction No. 4 in that the first paragraph of said instruction is inconsistent with and in conflict with the second paragraph. In view of what we have said in division No. I of this opinion, we find no merit in this contention of appellant.

VI. Appellant's sixth proposition challenges the giving of the second paragraph of instruction No. 4 in that the court should have instructed that the vehicle had to be the same identical vehicle in its entirety that was stolen from Allen Wichman. This contention is fully answered in division No. I of this opinion.

■ VII. Appellant's seventh proposition challenges the giving of instruction No. 5, which advised the jury that the circumstantial evidence to be considered in the case must have been sufficient to produce in the minds of the jury beyond a reasonable doubt a moral certainty that the crime charged was committed and that the defendant committed such crime "substantially as charged in the indictment." Appellant's contention is that, instead of using the word "substantially", the court should have used language equivalent to the word "exactly". In the case of State v. Bolton, 195 Iowa 1349, 1352, 192 N. W. 286, 287, we approved an instruction which ended with the same identical clause as that challenged herein. We find no merit in this contention of appellants.

We have carefully examined the record. We find nothing

590

which would warrant a reversal. The judgment is affirmed.—Affirmed.

BLISS, HAMILTON, HALE, STIGER, and SAGER, JJ., concur.

RICHARDS, C. J., dissents.