STATE OF IOWA, Appellee, v. PAUL W. STARK, Appellant.

No. 46735.

OCTOBER 18, 1945.

L. M. Hullinger, of Cedar Rapids, for appellant.

John M. Rankin, Attorney General, and Charles H. Scholz, Assistant Attorney General, for appellee.

PER CURIAM.—Defendant was charged by substituted information with the crime of operating a motor vehicle while intoxicated, being a third offender under section 5022.02, Code, 1939, the offense being alleged to have occurred on or about July 8, 1944, and the defendant having been convicted in the district court of Linn County, Iowa, on January 9, 1939, and again on April 21, 1942, each conviction being of the offense of operating a motor vehicle while intoxicated. The jury returned a verdict of guilty. Defendant appeals. The case comes to us on the clerk's transcript, together with a copy of the court's instructions and a transcript of the evidence. In submitting the case to the jury the court submitted but two forms of verdict. Form I permitted the jury to find the defendant guilty as charged in the substituted information. Form II would have permitted the jury to find the defendant not guilty. The jury's verdict was entered on Form I. The only question for our consideration under this record is whether

or not the submitting of but two forms of verdict was prejudicial error under the rule announced by this court in State v. Lowe, 235 Iowa 274, 16 N. W. 2d 226. The trial court in overruling the motion for new trial determined that there was no merit in the defendant's contentions because of certain concessions of the parties made of record at the trial. The ruling of the trial court was right.

Defendant was represented by able counsel at the trial and conceded and admitted of record that he was convicted in the district court of Linn county on January 9, 1939, of the offense of operating a motor vehicle while intoxicated, on a plea of guilty, and further conceded that he was convicted in the district court of Linn county on April 21, 1942, of the crime of operating a motor vehicle while intoxicated, for a second offense and as a second offender upon a plea of guilty, and which concession was to be considered with the same force and effect as though the complete record of each conviction were offered in evidence as a part of the proof herein. Defendant further conceded that he is and was the same identical person convicted in said criminal causes shown and made a part of the record.

In the case of State v. Dunne, 234 Iowa 1185, 1188, 15 N. W. 2d 296, 298, we state:

"We have held in several criminal cases that it is not error for the court in its instructions to assume as true an evidential fact which both parties admit and as to which there is no dispute. State v. Chumley, 229 Iowa 579, 586, 294 N. W. 764, and cases cited; State v. Evans, 229 Iowa 932, 936, 295 N. W. 433, 435; State v. Billberg, 229 Iowa 1208, 1215, 296 N. W. 396, 400."

Pursuant to the foregoing authorities, it is evident that there was no error in the action of the trial court herein. The judgment is—Affirmed.