STATE OF IOWA, appellee, v. VIRGIL N. PULLEN, appellant.

No. 50221.

(Reported in 110 N.W.2d 328)

AUGUST 15, 1961.

REHEARING DENIED SEPTEMBER 18, 1961.

DeKay & Barnes, of Atlantic, for appellant.

Evan Hultman, Attorney General, John Allen, Assistant Attorney General, Leonard W. Fromm, Shelby County Attorney, and Fred Louis, Jr., Assistant Shelby County Attorney, for appellee.

THOMPSON, J.—The county attorney's information on which the defendant was tried accused him of the crime of false pretense, committed in violation of section 713.1 of the 1958 Code of Iowa. The specific charge was that on or about Septem-

ber 25, 1959, the defendant secured the signature of Ralph Perry, as agent for Curry-Miller Veneers, Inc., to a sight draft payable to the defendant, in the sum of $400, the false making of which would be punished as forgery under the laws of Iowa; and that such signature was obtained designedly and by false pretense.

The State's evidence shows that the defendant represented to Perry, a timber buyer for Curry-Miller Veneers, Inc., of Indianapolis, Indiana, that certain walnut trees on a farm in Shelby County were the property of one Ernest Prada, who was introduced to Perry by the defendant as the owner of the farm and the timber. The defendant, his brother Cecil Pullen, Prada, and Perry went to the farm to inspect the trees. The defendant told Perry he had known Prada for ten years, and would "back the deal a hundred per cent." He said to Perry that the farm was known as "the Ernest Prada Farm." As a matter of fact, it appears without dispute in the record that it was the property of one Albert Fahn and his family; that Albert Fahn had lived there for all the 55 years of his life. Fahn had not consented to a sale of the trees, and knew nothing of the purported sale until after it was made. He had been approached by persons wanting to buy the timber, including the defendant, but he and his family did not wish to sell them.

After Perry, the defendant, his brother, and Prada inspected the trees on the Fahn farm, there was some discussion about the price. No agreement was reached at the farm. The party then returned to the town of Dunlap, where, after some further negotiation, a total figure of $1900 for the timber was agreed upon. This was paid forthwith by Perry in two sight drafts, one in the sum of $1500 payable to Prada and the other, upon which the present prosecution is based, for $400 to the defendant. There was testimony from one witness that she had come from Missouri with the defendant and that he had picked up Prada there and brought him to Iowa with them. The defendant does not predicate error on the denial of his motion for directed verdict, except as it was based upon a claim of lack of jurisdiction, and we content ourselves with saying that the State's evidence without question generated a jury case.

The so-called "sight draft" for $400 given to the defendant is in fact nothing more, in form and legal effect, than an ordinary check. It is labeled "Timber Draft" and bears the notation "For timber as follows: Bal P-29". It is dated "9-24-59", and says "At sight pay to the order of Virgil Pullen $400.00, Four Hundred and XX/100 Dollars." It is drawn on the American Fletcher National Bank and Trust Company, Indianapolis, and is signed "Curry-Miller Veneers, Inc., by Ralph H. Perry." It was not cashed, the maker having discovered the nature of the transaction promptly. The man Prada apparently disappeared and did not testify at the trial. There is some evidence for the defendant which contradicts certain parts of the testimony for the State, but since we have determined there was a jury question on the broad issue of defendant's guilt we do not set it out.

I. The defendant is not represented in this court by the same counsel who appeared for him in the trial below. However, he did have representation there by an able and experienced attorney. Counsel who now appear admit that the record was not saved by exceptions to instructions, which are now attacked. They ask that we consider their errors assigned at this point in the interest of fairness to the accused. We are cognizant of section 793.18 of the Code, which requires us to examine the record without regard to technical errors or defects which do not affect the substantial rights of the parties. We also know that we have several times held that when no exceptions are taken to instructions claimed errors therein will not be reviewed on appeal. State v. Walters, 244 Iowa 1253, 1261, 58 N.W.2d 4, 8; State v. Albertson, 237 Iowa 1148, 1153, 24 N.W.2d 395, 397; State v. Mart, 237 Iowa 181, 185, 186, 20 N.W.2d 63, 66.

So we are faced again with the problem of whether to review matters not presented to the trial court. We pointed out in State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, 19, 20, that the established rules of procedure are not merely technical. They lay down an orderly process for trials, necessary to avoid interminable confusion. We are not prepared to say that we will in all cases disregard failure to except to

instructions, or to object to evidence, or to raise other supposed claims of error in the trial court. We have concluded to consider the errors assigned by the defendant in the case before us; but with the caution that we are not thereby establishing a precedent which will hereafter be invariably followed. The trial court and the State have rights to have the proper procedures observed, and we will not always disregard them.

■ II. The first assigned error goes to the jurisdiction of the Shelby District Court. The farm where the timber was located and where it was shown to Perry is in Shelby County; the town of Dunlap, where the final negotiations as to the price of the timber took place, and where the draft was written and delivered, is in Harrison County. So the defendant says only the Harrison District Court had jurisdiction and his motion for directed verdict should have been granted on that ground. This contention is without merit.

Section 753.4, Code of 1958, says: "Offenses partly in county. When a public offense is committed partly in one county and partly in another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county, except as otherwise provided by law."

■ In State v. La Vere, 194 Iowa 1373, 1377, 191 N.W. 93, 95, we stated the material allegations of the charge of false pretense in cases such as the one at bar are 1, the design; 2, the false pretense; 3, the intent to defraud; 4, the obtaining of the signature; and 5, the character of the written instrument as one the false making of which would be punishable as forgery. We referred to these elements with approval in State v. Reysa, 198 Iowa 496, 504, 199 N.W. 1000, 1003. It is so evident as to need no further elaboration that at least one of the acts necessary to constitute the crime, the false pretense, was committed in Shelby County. This brings the case squarely within the language and meaning of section 753.4, supra. And see State v. George, 206 Iowa 826, 833, 221 N.W. 344, 347; State v. Gibson, 132 Iowa 53, 55, 56, 106 N.W. 270, 271.

■ III. The second assigned error attacks the court's

Instruction No. 7, because, it is said, it assumes as a fact that the walnut trees sold to Perry were "located on the farm of Albert Fahn"; and also that the draft given to the defendant is an instrument the false making of which would be forgery. We shall first discuss the reference to the trees. The language occurs at the commencement of the instruction, where the court said: "In this case the State claims that the defendant, Virgil N. Pullen, represented to the said Ralph Perry that certain walnut trees located on the farm of Albert Fahn were the property of Ernest Prada * * *." Here the court is doing nothing more than telling the jury what the State's claim is; this seems clear from the language quoted. The instruction does not say that the defendant made the representation, or that the trees were in fact on the farm of Albert Fahn, but only that the State so contends. The claim of error at this point is hypercritical. In fact the defendant in his testimony said: "I had worked in Shelby County for a considerable time before this transaction of the Fahn farm." The court may assume as proven facts admitted by the defendant. 53 Am. Jur., Trial, section 607, page 479.

We have said: "We have held in several criminal cases that it is not error for the court in its instructions to assume as true an evidential fact which both parties admit and as to which there is no dispute." State v. Dunne, 234 Iowa 1185, 1188, 15 N.W.2d 296, 298. Authorities are cited.

The defendant's contention at this point is met first by the plain wording of the instruction, which makes it clear the court was merely reciting the claims of the State; and second by the admission of the defendant set out above that the transaction took place on the Fahn farm. There was no dispute as to this; defendant's position was that he thought in good faith that Prada owned the farm or at least the timber on it.

IV. The defendant further predicates error on Instruction No. 7 because the court therein told the jury as a matter of law that the draft given to the defendant was an instrument the false making of which would be forgery. In this the court was correct. Section 780.23 of the Code provides that "questions of law are to be decided by the court." Section 718.1 defines

the crime of forgery; and paragraph 9 thereof includes as the subject of forgery an "Instrument in writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation * * * is or purports to be created * * *." The draft in question is clearly within this definition of instruments the false making of which would be punished as forgery.

■ An instruction as to the legal effect of certain kinds of evidence, such as written instruments, is not objectionable. 23 C. J. S., Criminal Law, section 1153, pages 689, 690. See also State v. Delong, 12 Iowa 453, 455, 456, and Warren v. Chandler, 98 Iowa 237, 240, 67 N.W. 242, 243. The legal effect of written instruments introduced in evidence when they are plain and unambiguous is generally for the court.

■ V. Finally the defendant assigns error in the giving of Instruction No. 10, in which the court referred to evidence of a similar transaction in which the defendant engaged in Missouri, and limited the jury's consideration of it to the question of design or intent. No complaint is made of the abstract law set out, but it is contended there was no evidence of such a transaction. It is sufficient to say the record does not support this claim. There was such evidence.

VI. In accordance with section 793.18, supra, we have examined the record carefully, without regard to technical errors, and conclude the defendant had a fair trial in all respects. He is entitled to only one such trial.—Affirmed.

All JUSTICES concur.