**STATE of Iowa, Appellee,**

v.

**Chester WALTON, Jr., Appellant.**

**No. 65220.**

Supreme Court of Iowa.

Oct. 21, 1981.

James F. Whalen of Dunbar & Dunbar, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and David Correll, Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Defendant appeals from judgment of conviction entered after a jury found him

guilty of carrying weapons, a violation of section 724.4, The Code 1979; and receipt, transportation, or possession of a weapon by a felon, a violation of section 724.26, The Code 1979. We reverse and remand for new trial.

The trial produced substantial evidence from which the jury could have found that defendant was drinking in Redell's Living Room Lounge in Waterloo, Iowa, on October 30, 1979. T. J. Wilder entered the bar and after a brief exchange of words, defendant produced a revolver and shot Wilder in the chest and foot.

In this appeal defendant contends that trial court erred (1) in applying section 724.-26 retrospectively, (2) in admitting into evidence photographs of Wilder's wounds, and (3) in admitting into evidence the court file in defendant's prior felony conviction.

### I. *Application of Section 724.26.*

Defendant argues that section 724.26 ("Receipt, transportation, and possession of firearms . . . by felons."), effective January 1, 1978, cannot apply to him because his felony conviction antedated the statute. After the briefs were filed in this case we decided *State v. Hall*, 301 N.W.2d 729 (Iowa 1981). In oral argument defense counsel conceded *Hall* is controlling and adversely disposes of this contention. *Hall*, 301 N.W.2d at 731–33; *accord, State v. Pinckney*, 306 N.W.2d 726, 728 (Iowa 1981).

### II. *Admissibility of Photographs.*

■ Three photographs of Wilder's wounds were admitted into evidence over defendant's objections that they were irrelevant, immaterial, incompetent, and prejudicial. This evidence supported testimony tending to show defendant had a gun, a fact denied by his not guilty plea. On balance, we do not find the prejudicial effect of these photographs outweighed their probative value. Trial court did not abuse its discretion. *See State v. Hall*, 235 N.W.2d 702, 720 (Iowa 1975).

### III. *Admissibility of Court File.*

In attempting to show defendant was a felon the State offered into evidence exhibit H, the complete district court file in a prior criminal proceeding. Defendant objected on relevancy grounds, and specifically that "[t]he file contains many matters which are not the proper subject of this lawsuit, potentially prejudicial." This objection, coupled with prior motions, was sufficient to alert the court that defendant's objection included a complaint that this exhibit impermissibly and unnecessarily included evidence concerning other crimes. Trial court nonetheless admitted the entire court file. We must assume it was examined by the jury.

We have studied this extensive exhibit. It starts with an information dated November 24, 1975, charging defendant with malicious injury to a building, a violation of section 714.1, The Code 1975, and, with the exception of several postconviction papers, terminates with a judgment filed May 16, 1977, revoking defendant's deferred judgment on the grounds he had pled "guilty to the crime of assault and battery and further, operating a motor vehicle while his license was under suspension." The judgment sentenced him to 180 days in the county jail.

Among numerous other papers in the file are "Additional Minutes of Testimony" relating to the underlying charge, and an "Order for Deferred Judgment and Probation" imposing conditions that included restitution and mental health and alcoholism counseling. The file contained a probation agreement provided that the defendant "shall not have any firearms." Several probation officers' reports in the exhibit subjectively report on defendant's uncooperative attitude, his failure to agree to a restitution plan, his failure to obtain employment and to take training, his leaving the state without permission, and, finally, the charges of assault filed by a female employee of the Club Rendezvous and defendant's arrest for driving while his license was suspended. Several bench warrants to secure defendant's presence for various probation

violation hearings appear, along with fee claims to be paid at public expense, filed by his attorneys in these proceedings. It is obvious that much of this information tended to portray defendant as a person of bad character, aside from disclosing the conviction for malicious injury to a building. The question is whether the State's burden to show that defendant was a convicted felon justified delivering this extraneous and prejudicial baggage to the jury.

■ Our analysis of this asserted error must start with our rule that generally evidence of other crimes is excluded because it is prejudicial and irrelevant to the crime charged. *State v. Gibb*, 303 N.W.2d 673, 682 (Iowa 1981); *State v. Powell*, 256 N.W.2d 235, 237 (Iowa 1977); *State v. Wright*, 191 N.W.2d 638, 639–42 (Iowa 1971); Fed.R.Evid. 404(b); *McCormick's Handbook on the Law of Evidence* § 190 (2d ed. E. Cleary 1972). Certain exceptions,[1] ordinarily linked with this general rule, may apply in circumstances that have no counterpart in this case.

In this trial, absent defendant's concession or admission made of record, the State, as a part of its case in chief, was required to show defendant's status as a felon. Because our habitual-offender cases present an analogous situation, we turn to them for guidance.

■ Before enactment of the new criminal code, evidence to establish previous crimes in habitual-offender cases was controlled by section 747.6, The Code 1975:

On the trial of any cause, under the provisions of section 747.5 [definition of habitual criminal], a duly authenticated copy of the former judgment and commitment, from any court in which such judgment and commitment was had, for either of the said crimes formerly committed by the party indicted under section 747.5, shall be competent and prima-facie evidence of such former judgment

and commitment, and may be used in evidence upon the trial of said cause.

We find no comparable section in our current Code. Statutory authority for this type of proof is found in section 622.52:

A judicial record of this state . . . may be proved by the production of the original, or a copy thereof certified by the clerk or person having the legal custody thereof, authenticated by his seal of office, if he has one.

That the "record" and best evidence of a conviction means the original or a duly certified and authenticated copy of the judgment is made clear by *State v. Biggles*, 235 N.W.2d 112, 113 (Iowa 1975); *State v. Post*, 251 Iowa 345, 348–49, 99 N.W.2d 314, 317 (1959); *State v. Barlow*, 242 Iowa 714, 719, 46 N.W.2d 725, 728 (1951); and *State v. Higgins*, 241 Iowa 244, 246, 39 N.W.2d 599, 600 (1949); M. Ladd, Commentary, Iowa Law of Evidence and Uniform Rules of Evidence, Workshop Outline, 86th Annual Meeting Iowa State Bar Association 176–82 (1959). It was unnecessary, and obviously prejudicial, to place before the jury the above-described extraneous papers contained in exhibit H, the court file. Trial court erred in overruling defendant's objections to this exhibit.

■ As the case must be reversed and remanded for new trial, we briefly treat the problem that may arise because the judgment convicting defendant of the prior felony refers to two other crimes. A deferred judgment order cannot serve as proof of a felony conviction in the prosecution of a section 724.26 charge. The record necessarily has to disclose the revocation of probation and the ultimate conviction. *See State v. Ege*, 274 N.W.2d 350, 355–56 (Iowa 1979); *State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975). Upon retrial, if the defendant on the record concedes or admits his status as a

---

1. Some of these exceptions permit evidence of other crimes to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, or (5) identity of the person charged with the commission of the crime. *See Powell*, 256 N.W.2d at 237; *Wright*, 191 N.W.2d at 640.

felon, that is the end of the inquiry.[2]  *See State v. Rupp*, 282 N.W.2d 125, 130 (Iowa 1979); *State v. Griffin*, 257 Iowa 852, 854, 135 N.W.2d 77, 78 (1965); *State v. Stark*, 236 Iowa 893, 894, 20 N.W.2d 11, 12 (1945). Trial court may then instruct the jury that they may assume as true this evidential fact, about which there is no dispute.  *See State v. Pullen*, 252 Iowa 1324, 1329, 110 N.W.2d 328, 332 (1961); *State v. Stark*, 236 Iowa at 894, 20 N.W.2d at 12.  If he does not, we hold the State is entitled to submit in evidence the original or a duly certified and authenticated copy of the judgment in the prior felony case, with the portion that describes the two offenses triggering his probation revocation and entry of judgment concealed.[3]  Thus an unnecessary and prejudicial reference to other crimes can be avoided.  After defendant's felon status is established, proof of these additional crimes has no probative value in the case being tried.  *See Gibb*, 303 N.W.2d at 682.

We reverse the district court judgment and remand for new trial.

REVERSED AND REMANDED.

**2.**  Such an admission or concession, relating to defendant's status, is to be distinguished from those concessions and uncontroverted issues that we have held will not foreclose evidence of knowledge and intent, State v. Gibb, 303 N.W.2d at 682; the nature and circumstances of the crime, State v. Moore, 276 N.W.2d 437, 441 (Iowa 1979), and State v. Fryer, 243 N.W.2d 1, 7 (Iowa 1976); or the weapon used in a homicide, State v. Jones, 89 Iowa 182, 188, 56 N.W. 427, 429 (1893).  Defendant's status as a felon is a matter of public record and may be established by a concession or admission of that record.  No further evidence will enhance the jury's understanding of that element of the offense being tried.  Such a concession or admission, unlike uncontested testimony, is not subject to jury disbelief.  Therefore, further evidentiary support is not required.

**3.**  We do not treat the matter of identity in this opinion; that is, the obligation of the State, in absence of defendant's concession or admission, to prove that the defendant is the person who was convicted in the prior felony case.  *See* State v. Smith, 129 Iowa 709, 714–15, 106 N.W. 187, 188–89 (1906); Ladd, *supra*, at 178–80.